3:19-cv-217

Exhibit A to Joint Notice  of Removal

102 pp.

# REGISTER OF ACTIONS
## CASE NO. 2019DCV2480

| | |
|---|---|
| Fernando Morales, Individually, and on behalf of his minor children, F.M.. and D.M., and Zerenia Cardoza, in her individualy capacity vs. Enrique Carrillo, Aaron Carrillo, Julio Guereca, Pete Herrera, Gabriel Lechuga, Ruben. Cardenas, Miguel Carzoli, Alberto Aguirre, Juan Ferrel, Joseph Valenzuela, The City of El Paso El Paso, Texas and the El Paso Police Department | § § § § § § § |

Case Type: **Other Civil**
Date Filed: **07/01/2019**
Location: **County Court at Law 6**

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| Defendant | Aguirre, Alberto | |
| Defendant | Cardenas, Ruben | |
| Defendant | Carrillo, Aaron | |
| Defendant | Carrillo, Enrique | |
| Defendant | Carzoli, Miguel | |
| Defendant | El Paso Police Department | |
| Defendant | Ferrel, Juan | |
| Defendant | Guereca, Julio | |
| Defendant | Herrera, Pete | |
| Defendant | Lechuga, Gabriel | |
| Defendant | The City of El Paso | |
| Defendant | Valenzuela, Joseph | |
| Plaintiff | Cardoza, Zerenia | **JAMES LUCAS** *Retained* 915-532-8811(W) |
| Plaintiff | Morales, Fernando | **JAMES LUCAS** *Retained* 915-532-8811(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| 07/01/2019 | Original Petition (OCA)    Doc ID# 1 | | |
|---|---|---|---|
| 07/01/2019 | E-File Event Original Filing | | |
| 07/16/2019 | Amended Petition    Doc ID# 2 | | |
| 07/19/2019 | Citation | | |
| | Valenzuela, Joseph | Served | 07/29/2019 |
| | | Returned | 07/30/2019 |
| | Ferrel, Juan | Unserved | |
| | Aguirre, Alberto | Served | 07/22/2019 |
| | | Returned | 07/30/2019 |
| | Carzoli, Miguel | Unserved | |
| | Cardenas, Ruben | Served | 07/22/2019 |
| | | Returned | 07/30/2019 |
| | Lechuga, Gabriel | Served | 07/23/2019 |
| | | Returned | 07/30/2019 |
| | Herrera, Pete | Served | 07/31/2019 |
| | | Returned | 08/05/2019 |
| | Carrillo, Aaron | Served | 07/25/2019 |
| | | Returned | 07/30/2019 |

| El Paso Police Department | Served | 07/23/2019 |
| | Returned | 07/30/2019 |
| The City of El Paso | Served | 07/24/2019 |
| | Returned | 07/30/2019 |
| Carrillo, Enrique | Served | 07/22/2019 |
| | Returned | 07/30/2019 |

El Paso County - County Court at Law 6

Filed 7/1/2019 6:03 PM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV2480

FERNANDO MORALES, Individually,   )
and on behalf of his minor children, F.M..and   )
D.M., and  ZERENIA CARDOZA, in   )
her individual capacity   )
   )
           Plaintiffs,   )
   )
v.   )   NO. _____
   )
ENRIQUE CARRILLO, AARON CARRILLO, )
JULIO GUERECA, PETE HERRERA,   )
GABRIEL LECHUGA, RUBEN. CARDENAS,)
MIGUEL CARZOLI, ALBERTO   )
AGUIRRE, JUAN FERREL, JOSEPH   )
VALENZUELA, THE CITY OF EL PASO   )
EL PASO, TEXAS, and the El PASO POLICE )
DEPARTMENT,   )
          Defendants.   )

## PLAINTIFF'S ORIGINAL PETITION

NOW COMES Fernando Morales, plaintiff, Individually and as the father of his minor

sons, F.M..and D.M.,. and ZERENIA CARDOZA, as mother of F.M. and D.M., Plaintiffs

and file this suit complaining of Defendants Enrique Carrillo, Aaron Carrillo, Julio Guereco,

Pete Herrera, Ruben Cardenas, Alberto Aguirre, Juan Ferrel, the El Paso Police Department

(hereinafter referred to as EPPD), and the City of El Paso, Texas, by and through its agent

and servant, Roy Oliver, Individually and in his official capacity as a Balch Springs Police

Officer, and for cause would show the Honorable Court as follows:

**I.**

**PARTIES**

1.      Plaintiff Fernando Morales is a person of the full age of majority and a resident of El Paso, Texas. Plaintiff Fernando Morales brings this suit in his individual capacity and on behalf of his two minor child, F.M. and D.M. .

2.      Plaintiff Zerenia Cardoza is a person of the full age of majority and the wife of Plaintiff Fernando Morales. She is also an individual who is a resident of El Paso, Texas.

3.      Defendant, Enrique Carrillo, is a person who is employed by the El Paso Police Department and can be served at 911 North Raynor, El Paso, Texas 79902.

4.      Defendant, Aaron Carrillo, is a person who resides in El Paso County, Texas and can be served at 7348 Black Ridge, El Paso, Texas 79912.

5.      Defendant, Ruben Cardenas,  is a person who is employed by the El Paso Police Department and can be served at 911 North Raynor, El Paso, Texas 79902.

6.      Defendant, Miguel Carzoli, is a person who is employed by the El Paso Police Department and can be served at 911 North Raynor, El Paso, Texas 79902

7.      Defendant, Pete Herrera is a person who is employed by the El Paso Police Department and can be served at 911 North Raynor, El Paso, Texas 79902.

8.      Defendant, Alberto Aguirre,  is a person who is employed by the El Paso Police Department and can be served at 911 North Raynor, El Paso, Texas 79902 .

9.      Defendant, Gabriel Lechuga,  is a person who is employed by the El Paso Police

Department and can be served at 911 North Raynor, El Paso, Texas 79902.

10.     Defendant, Juan Ferrel, is a person who is employed by the El Paso Police Department and who can be served at 911 North Raynor, El Paso, Texas 79902

11.     Defendant, Joseph Valenzuela,  is a person who is employed by the El Paso Police Department and who can be served at 911 North Raynor, El Paso, Texas 79902.

12.     The City of El Paso, Texas operates the El Paso Police Department ("EPPD").  The City of El Paso, Texas funds and operates the EPPD, which, along with the El Paso  City Council, Mayor Dee Margo, and Police Chief Gregg Allen are responsible for the implementation of the police department's budget, policies, procedures, practices, and customs, as well as the acts and omissions, challenged by this suit. The EPPD is also responsible for preventive, investigative, and enforcement services for all citizens of The City of El Paso, Texas.  The City of El Paso, Texas and the El Paso City Council may be served with citation herein by and through its agent for service of process, Mayor Dee Margo, 300 N. Cambpell, El Paso, Texas 79901.

13.     Police Chief Gregg Allen can be served 911 N. Raynor, El Paso, Texas 79902.

### III.

### JURISDICTION AND VENUE

6     Jurisdiction exists in this court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought under, inter alia, the Fourth Amendment of the United States Constitution and 42 U.S.C. §§ 1983 and 1985(3), to redress the deprivation of rights, privileges and immunities

guaranteed to Plaintiff Morales, by constitutional and statutory provisions.

7.    Venue is proper in this court because the causes of action occurred within El Paso County, Texas.

## IV.

## THE FACTS

8..    This is an action brought by the Plaintiff, Fernando Morales and Zerenia Cardoza against the above-named Defendants, in connection with an incident that ccurred at 9051 N. Resler in El Paso, Texas on July 1, 2017.  On that date, Plaintiff Fernando Morales was traveling the Walmart parking in his personal vehicle when off-duty police officer Enrique Carrillo failed to yield the right-of-way in the Walmart Parking lot and almost collided with Plaintiff's Fernando Morales F150 Ford pickup truck.  Plaintiff Morales had to brake to avoid the collision, at which time Enrique Carrillo "flipped off" Fernando Morales with his middle finger, who was accompanied by his wife, Zerenia Cardoza, their two young children, F.M. and D.M., and Sonia Baca and Yesenia Jacquez, two grown adults.

9.    After the two vehicles passed, Defendant Enrique Carrillo stopped the Nissan Altima he was driving and Plaintiff Fernando Morales exited his Ford Pickup truck and walked over to the Nissan Altima. to speak with Defendant Enrique Carrillo.  Even though he engaged in no conduct to warrant an attack, Plaintiff Morales was thereafter grabbed from behind by Defendant Aaron Carrillo, the son of Defendant Enrique Carrillo, who occupied the front passenger set of the Nissan Altima Defendant Enrique Carrillo was operating.  Defendant

Aaron Carrillo placed Fernando Morales in a "Rear Naked Choke Hold" while his father, Defendant Enrique Carrillo, began punching Defendant Fernando Morales multiple times about the face, using his closed fist in a hammer-like position. This rendered Plaintiff's face very bloody, resulting a broken right eye socket and serious injuries to his chin. Defendant Aaron Carrillo then took Fernando Morales down to the ground while still holding Plaintiff Morales in a rear naked choke hold.

10.     When the rear naked choke hold was applied to Plaintiff Morales, the face of Morales began changing color and Morales began having great difficulty breathing and was losing consciousness, to the point he was on the brink of passing out and even death. Shortly thereafter, Aaron Carrillo wrestled Plaintiff Morales to the ground while maintaining the same rear naked choke hold he had initially applied around the neck of Plaintiff Morales.. Defendant Aaron Carrillo's father, Enrique Carrillo, then got on top of Plaintiff Morales and began using his hand, balled up in a fist, to administer several hammer-like blows to Plaintiff Morales' face. While this was occurring, the choke hold administered to Plaintiff Morales was not relaxed and, as such, the choke hold cut of the blood supply to Plaintiff Morales' brain, to the point of almost killing him. By good fortune, Defendant Aarron Carrillo, was forced to release his choke hold on Plaintiff Morales, such that Morales was not asphyxiated by the choke hold.

11.     As a result of the beating Plaintiff Morales sustained, a CAT scan or MRI was performed on him and it was determined that Plaintiff Morales' right eye socket was broken.

Plaintiff also sustained injuries to his face and chin. Since the assault, Plaintiff has suffered from serious regular, very painful headaches resulting to the pounding to his head and brain and permanent injuries to his right eye. In particular, Plaintiff has sustained a significant loss of vision to his right eye by reason of the assault initiated against him by Defendants Enrique Carrillo and Aaron Carrillo. While this brutal assault was taking place, Plaintiff Morales' children, F.M. and D.M. were watching and were mortified and severely traumatized of the way officer Enrique Carrillo what appeared to be an attempt by Defendant Enrique Carrillo and his son to choke out and kill Plaintiff Morales. F.M. and D.M. witnessed their father being choked and punched repeatedly by Defendant Enrique Carrillo while his son, Aaron Carrillo, held Plaintiff Morales immobilized in a rear naked choke hold, a martial arts killing maneuver that cuts off blood to the brain.

12..    Shortly after the assault of Plaintiff Morales occurred, several members of the El Paso Police Department were dispatched to the scene of the incident. Right away, these officers began conspiring to deprive Plaintiff Morales of Due Process of Law and of Plaintiff Morales' right to be free of Unreasonable Searches and Seizures by immediately working to find a reason to arrest Plaintiff Morales without attempting to determine what had occurred. The EPPD officers on the scene did not question Plaintiff Morales or his family what had happened. Defendant EPPD officers also made not attempt to take witness statements only from many of the civilian witnesses who had observed the incident unfold. These officers placed Defendant Morales in a squad car very shortly after the assault incident occurred.

Indeed, shortly after the assault incident concluded, Sgt. Ruben Cardenas arrived on the scene and began immediately accusing Plaintiff Morales of assault and advising him that he would be arrested for assault without first getting both sides of the story and determining who was at fault and should be arrested for assault.. Sgt. Cardenas and the other Defendant EPPD officers on the scene thus focused their efforts exclusively on building a criminal case against Plaintiff Morales and took only witness statements that supported only Defendant Enrique Carrillo's version of events. Defendant Officers were never interested in hearing Plaintiff Morales' side of the story of what his witnesses offered.

13.    The below-named Defendant police officers of the El Paso Police Department failed and/or refused to take witness statements from civilian witnesses (to include the civilian witnesses in Plaintiff Morales' vehicle) include: Ruben Cardenas, Julio Guereca, Joseph Valenzuela, Alberto Aguirre, Julio Guereca, Pete Herrera, Gabriel Lechuga, Ruben Cardenas, Miguel Carzoli, and Juan Ferrel. Defendant officers participated in initiating bogus and unfounded assault on Plaintiff Morales to deflect from the brutal assault Defendant police officer Enrique Carrillo and his son, Aaron Carrillo had perpetrated against Morales. Plaintiff Zirenia Cardoza was also arrested for one or more old traffic warrants after she made it clear that she wanted to make a complaint against Defendant Enrique Carrillo and his son for their conduct in assaulting her husband, but was denied this opportunity.

14.    Defendant Officers Miguel Carzoli and Juan Ferrel also conducted a warrantless arrest of Plaintiff Morales for driving while intoxicated ("DWI"), even though no probable

cause existed for such an arrest and Plaintiff Morales was not taken to a magistrate. Plaintiff

believes these officers also secured a blood draw from him after he was led to believe by the

hospital staff that his blood was being drawn for medical purposes. Defendants Carzoli and

Ferrel also participated and/or witnessed someone other than Morales sign a consent form

to draw blood form that authorized the police to test Plaintiff Morales' blood/alcohol

concentration level. Plaintiff asserts that he never consented to having his blood drawn on

this occasion and further asserts that he did not sign a consent to draw blood form that the

police now have in their possession. Plaintiff Morales further asserts that Defendants Carzoli

and Ferrel conspired to violate his Fourth Amendment right against unreasonable searches

and seizures by securing his forged signature a consent to draw blood form and by arresting

him for the offense of DWI, without first taking him to a magistrate.

15.    Defendant EPPD officers, to include officers Guereca and Sgt. Cardenas, arrested

Plaintiff Morales for having committed a Class "A" assault against Defendant Enrique

Carrillo and for driving while intoxicated ("DWI"). These arrest of Morales on both charges

was made without first taking him before a magistrate for a probable cause determination.

16.    A jury trial has since transpired on the Class "A" assault charge. After the jury trial,

Morales was found not guilty of the "Assault" charge EPPD officers involved in the police

investigation had fabricated against him. To date, not one of the officers involved in the

investigation has taken responsibility for the biased and one-sided investigation that was

undertaken in this particular case. In fact, not one of the Defendant EPPD officers named

in this case has identified himself as a case agent.

17.    All of Defendant officers who participated in the investigation and arrest of Plaintiff Morales violated EPPD policy by not calling a Lieutenant to appear on the scene, as was required, since this was an officer-involved incident.    EPPD Officer Pete Herrera also attempted to cancel officers dispatched to the scene pursuant to a 911 call that was made so as to protect their fellow officer, Defendant Ernique Carrillo from being investigated and/or arrested for his role in assaulting Plaintiff Morales.

18.    Plaintiffs content that officers of the El Paso Police Department serve in the capacity of police officers 24 hours a day, whether on-duty or off-duty.    For this reason, Defendant Enrique Carrillo and the officers involved in the investigation of the case acted under the color of law in violation of Morales' rights under the Fourth Amendment of the United States Constitution, in violation of his civil rights pursuant to 42 U.S.C. § 1983, and also conspired to violate Plaintiff Morales' rights under 42 U.S.C. § 1985(3).

19.    Plaintiffs allege that the City of El Paso, Texas ("City of El Paso Texas") and its policy makers, specifically the El Paso City Council, Mayor Dee Margo and Chief of Police Gregg Allen (collectively referred herein as the "Policymakers") failed to properly train, supervise, screen, discipline, transfer, counsel or otherwise control officers who are known, or who should have been known, to engage in the use of excessive force and/or deadly force, including those officers repeatedly accused of such acts. The Policymakers, specifically the City Council of El Paso, Texas, Mayor Dee Margo, and Chief of Police Gregg Allen had a

duty, but failed to implement and/or enforce policies, practices and procedures for the EPPD that respected Plaintiff Fernando Morales' constitutional rights to be free of unlawful searches and seizures, of his Fourth Amendment right to not be subjected to excessive force, and of his Due Process Right to expect a fair and impartial investigation and prosecution of his case, and of his right to not be subjected to false arrests for driving while intoxicated ("DWI").

20.    Plaintiffs allege that Defendant City of El Paso, Texas and its Policymakers, specifically the City Council of El Paso, Texas, Mayor Dee Margo and Chief Gregg Allen's failure to adequately supervise and discipline Defendants, implement the necessary policies and the implementation of unconstitutional policies caused Plaintiff Fernando Morales to be wrongfully arrested for DWI and protected Defendant Enrique Carrillo and his son, Aaron Carrillo, from being arrested for the assault of Plaintiff Morales. The conduct of Defendant Enrique Carrillo and his son, Aaron Carrillo, and of the several police officers who conspired to cover up and conceal the assaultive conduct committed by officer Enrique Carrillo and his son caused Plaintiff Zirenia Cardoza and her and Plaintiff Morales' two sons, F.M. and D.M., unwarranted and excruciating physical and mental anguish and consciously disregarded the rights of Plaintiff Morales, knowing that the Policymakers would approve and/or ratify their actions.

21.    Defendant Enrique Carrillo has a reputation for aggressive behavior in the past. The City of El Paso, Texas and the El Paso Police Department possess records that reveal that he

should long ago have been terminated from the El Paso Police Department. However, all of this conduct was overlooked and he was kept on the force. The personnel files maintained by the El Paso Police Department confirm this fact.

22.. The City of El Paso, Texas, the EPPD, and the Policymakers knew of Defendant Enrique Carrillo's lack of self control and lack of training but did nothing to protect Edwards and others from the harm they suffered.

23. Defendant, the City of El Paso, Texas has a longstanding record of not providing EPPD officers with adequate training and not preventing excessive force claims by EPPD officers. The El Paso City Council, Mayor Dee Margo, appears to have delegated policy-making authority to Chief Allen, giving him the responsibility for setting training policies and knew that there were unaddressed training issues which resulted in the assault of Plaintiff Fernando Morales by officer Enrique Carrillo.

24.. The EPPD has failed to provide adequate training to Defendant Enrique Carrillo on proper arrest and confrontation techniques.

25. The EPPD failed to provide adequate training to Officer Enrique Carrillo on appropriate methods and techniques to control situations similar to the incident that transpired on July 1, 2017. The EPPD knew or should have known that the training provided to Defendant Enrique Carrillo was inadequate or nonexistent.

26. Plaintiff Morales posed no threat of causing bodily harm to Defendant Enrique Carrillo or any other person in the immediate area on the date of he incident. No credible

evidence exists that Defendant Carrillo others reasonably feared for their lives or that they were injured by Plaintiff.

27. On the date Defendant Enrique Carrillo and his son Aaron Carrillo savagely beat Plaintiff Morales, Plaintiff did not provoke the incident or resist in any way so as to justify Defendant Enrique Carrillo and his son's use of excessive force in attempting to choke Plaintiff out, break Morales' eye socket, cause lacerations to Morales' chin, and cause other injuries.

28. Defendant Enrique Carrillos' unlawful and unwarranted acts, lack of training and the official customs or policies of the EPPD caused Plaintiff Morales to sustain the serious injuries he sustained and also caused severe emotional and mental distress and mental anguish to Zirenia Morales and her two children, F.M. and D.M.

29. Plaintiff would show that at all times material hereto, Defendant Enrique Carrillo and the other Defendant EPPD officers named in this suit failed to follow accepted protocol for investigating an officer-involved incident and acted in a partial and biased manner to ensure that Plaintiff Morales was arrested and that Defendant Enrique Carrillo and his son were allowed to go free for the assault they committed against Morales. Officer Lechuga even failed to secure the videotape of the assault from the local Walmart Store, as this videotape would have demonstrated that Officer Enrique Carrillo had failed to yield the right of way, almost causing the accident and that Carrillo had also failed to provide a truthful version of events in giving his statement. Plaintiff asserts that even though this videotape constituted

exculpatory value, Officer Lechuga failed to preserve it.

30.    In detaining, searching, and/or arresting Plaintiff Morales for assault and for DWI

without properly investigating the case, without observing police protocol for an officer-

involved incident, and in arresting Morales a Class "A" assault and on a DWI charge without

first taking him before a magistrate, Defendant EPPD officers acted under color of law. With

regard to the DWI, Plaintiff Morales was not subjected to field sobriety testing and the blood

Defendant officers illegally secured from Plaintiff Morales without consent or a valid warrant

showed that Plaintiff Morales did not possess a blood-alcohol concentration of a .08 level or

greater so as to warrant a finding that he was legally intoxicated.

31.    No reasonably competent official would have concluded that the actions of Defendant

Enrique Carrillo and the other EPPD police officers described herein did not violate Plaintiff

Morales' constitutional rights. In other words, no reasonably prudent police officer under

similar circumstances could have believed that Defendant Enrique Carrillo's conduct was

justified nor was the treatment of Plaintiff Morales or Plaintiff Zerenia Cardoza reasonable.

32    There is no evidence that Defendant Enrique Carrillo or anyone else was in danger of

imminent death or great bodily harm. There were no struggles that would indicate that the

use of excessive and/or deadly force was justified.

33.    Plaintiff Morales posed no risk to Defendant Enriquez or any other person in the

immediate area. Morales did not attempt to harm Enriquez and was not committing a crime

or reasonably believed to have committed a crime when Defendant Enrique Carrillo and his son brutally assaulted him.

34.    The unlawful and unwarranted acts of Defendant Enriquez and the other named police officer defendants, lack of training and the official customs or policies of the EPPD caused Plaintiff's injuries. As a direct and proximate result of the Defendants' conduct, Plaintiff Morales has sustained substantial permanent bodily injuries, pecuniary loss, and other damages. Specifically, Plaintiff Morales suffered pain by reason of the bloody beating to the face he sustained and from being choked. His chin also had to be stitched up from the blows he sustained. Plaintiff also sustained permanent injury to his right eye. Plaintiff Morales no longer has the same good vision in his right eye by reason of the blows Defendant Enrique Carrillo suffered. His right eye now wanders off to the side or to the bottom when he attempts to focus. Plaintiff Morales also suffers from severe headaches he never had before. Plaintiff Morales believes that these headaches are attributable to the rear naked choke hold he sustained. Morales also suffers from lack of sleep.

35.    Plaintiff Morales also lost his trucking job because of the beating he took, and therefore lost his Ford Pickup 150 truck and all of the equity after the truck was repossessed. Morales estimates the equity in his Ford Pickup to be $15,000.00 dollars . Plaintiff Morales also lost wages of what he estimates were $10,000.00 by reason of the assault. Plaintiff Morales also had to pay bond to get out of jail and criminal fees of approximately $2,0000.00 up to this point. Plaintiff also had to pay late fees of approximately $600.00 in late fees when

he could not pay his apartment rent after being arrested and losing his job.

## PLAINTIFFS' CLAIMS

**Count 1: Plaintiff Morales' Excessive Force Claims (42 U.S.C. 1983)**

36.     Plaintiff Morales incorporates by reference paragraphs 1 through 35 set out above, as
if fully set forth herein.

37.     Plaintiff asserts that Defendant Enrique Carrillo, an off-duty police officer, and his
son, Aaron Carrillo, engaged in Excessive Force, in violation of the Fourth Amendment to
the United States Constitution, by assaulting him the way they did. It was excessive force
for Defendant Aaron Carrillo to place Plaintiff in a rear naked choke hold and to choke him
to the point where his face began changing color and he was on the brink of death. It was
also excessive force for Defendant Enrique Carrillo to repeatedly punch Plaintiff Morales
about the face, using his fist like hammers, while Morles was held down on the pavement in
a rear naked choke hold by Aaron Carrillo. Such conduct by Enrique Carrillo and that of his
son on the occasion in question was wrongful, malicious and reckless in depriving Morales
of his constitutional rights.

38.     Plaintiff Morales would further show that at all times material hereto, Defendant
Enrique Carrillo had a duty to avoid infliction of unjustified bodily injury on him, a duty to
protect Plaintiff's bodily integrity and to not trample on Plaintiff's constitutional rights.

39.     Plaintiff Morales would show that Defendant Enrique Carrillo, and his son Aaron

Carrillo, failed to act as a reasonable officer would have acted in the same or similar circumstances. That is, Defendant Enrique Carrillo and his son Aaron Carrillo, without justification and the need to do so, used excessive and deadly force. Plaintiff Morales never made any threatening gestures toward Defendant Oliver and did not pose an immediate threat to the safety of Defendant Carrillo or others.

40.    Defendant Enrique Carrillo's actions and that of his son, Aaron Carrillo, were not objectively reasonable because their conduct was calculated and designed to inflict excessive and deadly force and permanent injury to Plaintiff Morales.

41.    Plaintiff Fernando Morales would show that Defendant Enrique Carrillo and his son, Aaron Carrillo, denied Morales his right to be free from the use of excessive force, in violation of Morales' Fourth Amendment rights under the United States Constitution.

42.    The force used by Defendants Enrique Carrillo was unnecessary, excessive and unreasonable under the circumstances, as Plaintiff Morales did not pose an immediate threat to the safety of either Defendant and the use of such excessive and deadly force was unnecessary. Defendant Enrique Carrillo and Aaron Carrillo embarked on a willful, malicious, reckless and outrageous course of conduct that was intended to cause and, in fact, caused pain and permanent physical injury to Plaintiff Morales and his eye, and also caused Plaintiff Morales to suffer extreme and severe mental and emotional distress, agony and anxiety. Plaintiff Morales has also sustained a loss of income, lost his truck which was repossessed, and suffered other pecuniary damages. As a result of these Constitutional

violations to Plaintiff Morales and the injuries he sustained, Plaintiff Morales seeks compensation for his injuries.

**Count 2: Defendants' Failure to Investigate Plaintiff's Assault Claim (42 U.S.C. § 1983)**

43.     Plaintiff Morales asserts that under the Fourth Amendment and under 42 U.S.C. § 1983, Defendant Officers Guereca, Aguirre, Cardenas, Lechuga, Herrera, Carzoli, Lechuga, Ferrel, and Valenzuela had a duty but failed to conduct a reasonably adequate investigation of his claim that he had been assaulted before they effected a warrantless arrest of his person for Class "A" assault and for driving while intoxicated ("DWI"). These Defendants failed to reasonably interview witnesses that were available at the scene, failed to investigate basic evidence, and failed to otherwise inquire into facts that were available to them and would have shown that Plaintiff Morales was viciously and brutally assaulted by Defendants Enrique Carrillo and Aaron Carrillo. Instead, they made the snap decision to effect a warrantless arrest of Plaintiff Morales for Class "A" assault and for DWI without conducting any real, impartial and objective investigation. Defendants also failed to call upon a Lieutenant or other appropriate supervisor to conduct the investigation, as this incident was a police-officer involved incident. In addition, Defendant Lechuga concealed exculpatory evidence by failing to retrieve the Walmart videotape of the incident and to include it as part of his report. Defendants failed to give any of the four adults (which includes Plaintiff Morales) an opportunity to explain how Defendants Enrique Carrillo and Aaron Carrillo had

assaulted Plaintiff Morales.  The one-sided and biased focus of these Defendant officers during the course of their investigation therefore deprived Morales of his right to be free of unreasonable searches and seizures under the Fourth Amendment.  One such example was Defendant Joseph Valenzuela, the crime scene officer, who failed  photograph Plaintiff's Morales' injuries before he had been treated at a hospital and his wounds were cleaned up.  Another example was that of Herrera providing a non-credible factual account of what occurred and to call off the officers dispatched to the scene.

**Count 3:    Unlawful Seizure of Plaintiff Morales' person (42 U.S.C. § 1983)**

44.    Plaintiff Morales asserts that under the Fourth Amendment and under 42 U.S.C. § 1983, Defendant Officers Guereca, Cardenas, Carzoli, and Ferrel violated his right to be from unreasonable seizures by detaining him and then later arresting him for a Class "A" assault without reasonable suspicion or probable cause and without first taking Morales before a magistrate so that a probable cause determination could be made whether he should be arrested for Class "A" assault.  Sergeant Ruben Cardenas announced his decision to effect the warrantless arrest of Plaintiff for Class "A" assault right after the incident involving Plaintiff Morales and Defendants Enrique Carrillo and Aaron Carrillo transpired.  Because this decision was before any meaningful investigation had been conducted, the decision by Sgt. Cardenas to make this warrantless arrest was unreasonable under the circumstances.  Officer Guereca likewise violated Plaintiff's Fourth Amendment right to be free from

unreasonable seizures by complying with this directive and effecting the warrantless arrest of Morales for Class "A" assault, as this arrest was not supported by probable cause to believe that an offense had been committed.

45.  Officers Carzoli and Ferrel also violated Plaintiff's Fourth Amendment right to be free from unreasonable seizures by making a warrantless arrest of Plaintiff Morales for driving while intoxicated ("DWI"), when no field sobriety tests were conducted on Plaintiff Morales, no reckless or improper driving conduct was observed on the part of Plaintiff Morales, and no other objectively reasonable evidence was obtained that would support a probable cause finding that Plaintiff Morales was driving while intoxicated. If Defendant officers had been conducting a neutral and unbiased investigation, they would have observed that Plaintiff Morales had sustained serious injury to his right eye where the eye socket was broken, and that he was very bloody from the beating Defendants Enrique Carrillo and Aaron Carrillo had administered.  The warantless arrest of Plaintiff Morales by Officers Carzoli and Ferrel for DWI therefore violated Plaintiff's right to be free from unreasonable seizures, especially given that the illegal blood draw these officers obtained  reveals that Plaintiff Morales had a blood-alcohol concentration under the .08 intoxication standard adopted under Texas law.

**Count 4:    Unlawful Search of Plaintiff Morales' person (42 U.S.C. § 1983)**

46.    Plaintiff Morales asserts that the blood draw conducted on his person by Officers Carzoli and Ferrel constituted an illegal search under the Fourth Amendment and under 42 U.S.C. § 1983.  Plaintiff did not sign the consent form contained in the District Attorney's

case file. This consent form was forged. Consequently, Plaintiff Morales asserts that the

blood draw obtained on his person was not authorized by him, as it was obtained through a

forged consent blood draw form. This blood draw forms the basis of Plaintiff Morales'

current felony DWI prosecution. Plaintiff Morales has also had to expend legal fees to defend

against this felony DWI offense, has lost work as a truck driver due to PR conditions he had

to comply with, and has suffered considerable mental anguish and anxiety having to defend

against this pending felony DWI charge. All of these injuries and damages resulted from

the illegal search of Plaintiff Morales' person by the above-named defendants.

## Count 5: Conspiracy to Violate Civil Rights Claim (42 U.S.C. §§ 1983 and 1985(3))

47.    Plaintiff Morales adopts the allegations of civil rights violation alleged in Counts 1

through 4 above. Plaintiff asserts that Defendant Officers Guereca, Aguirre, Cardenas,

Lechuga, Herrera, Carzoli, Lechuga, Ferrel, and Valenzuela conspired together to thwart and

refrain from conducting a neutral and thorough investigation of the incident which has

brought about this lawsuit. Plaintiff Morales further asserts that said Defendants conspired

to unlawfully seize his person by arresting him for a Class "A" assault and for DWI, in

violation of the Fourth Amendment right to be free of unreasonable seizures. Defendants also

conspired to illegally obtain a blood draw from Plaintiff Morales. By reason of this

conspiracy, Plaintiff Morales has suffered pain and suffer, permanent injury and loss of

vising in his right eye, lost considerable income (estimated to be $10,000.00), lost the equity

in his Ford F 150 that was repossessed, and has incurred legal fees and mental anguish for having to defend against unfounded criminal prosecutions

**Count 7:    Unreasonable Seizure and Substantive Due Process –**

**Fabrication of Criminal Charges**

48. By arresting and bringing false criminal charges against Plaintiff, Defendant police officers Cardenas, Guereca, Carzoli, and Ferrel conducted an unreasonable seizure and thereby violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. Defendants intentionally and knowingly seized Plaintiff and brought false criminal charges against Plaintiff for Class "A" assault and for DWI. These charges were not supported by probable cause. Signed sworn affidavits in support of the charges were even filed. While proof of malice is not required to support Plaintiff Morales claim, there is ample evidence to show the conduct at issue was intentional and knowing. Defendants' unlawful and criminal acts violated Plaintiff's Fourth and Fourteenth Amendment rights against unreasonable seizure and substantive due process. Plaintiff suffered and is entitled to recover damages as a result of the fabrication of these criminal charges and seeks damages for all of the many injuries Plaintiff suffered.

**Count 6:    Failure to Train by the City of El Paso, Texas (42 U.S.C. § 1983)**

49.    Plaintiff incorporates  paragraphs 1 – 48 as if fully set forth herein. Prior to July 1,

2017, the El Paso Police Department knew or should have known that Defendant Enrique Carrillo exhibited a pattern of escalating encounters with the public.

50.     Defendant Enrique Carrillo and other officers at the scene of the shooting incident were acting under color of law and acting pursuant to customs, practices and policies of the City of El Paso, Texas and the EPPD in regards to the use of deadly force as authorized and/or ratified by the Policymakers, specifically the El Pso City Council, Mayor Dee Margo, and Chief Gregg Allen.  Plaintiff Morales was therefore deprived of rights and privileges secured to him by the United States Constitution and by other laws of the United States by the City of El Paso, which failed to provide proper training, adequate supervision or discipline in dealing with individuals such as Defendant Carrillo, in violation of 42 U.S.C. §1983 and related provisions of federal law and in violation of the above cited constitutional provisions.

51.     With respect to the claims made the basis of this lawsuit, the City of El Paso and EPPD failed to adequately train its officers on how to deal with individuals during a raid of an event and the subsequent use of deadly force. The failure to train its officers in a relevant respect reflects a deliberate indifference to the City of El Paso, Texas the El Paso  City Council, Mayor Dee Margo, and Chief Gregg Allen, all of which is actionable under 42 U.S.C. § 1983.

52. Defendant, the City of El Paso, Texas, under the direction of the El Paso City Council, Mayor Dee Margo, and Chief Allen developed and maintained a policy of deficient training

of its police force in the use of force, including the proper use of deadly force and dealing with individuals during a raid of an event. The EPPD training was designed and implemented by Chief Allen under the direction of the City Manager and/or the El Paso City Council, to act in this regard.

53.    The El Paso City Council, Mayor Dee Margo, and Chief Gregg Allen's failure to provide adequate training to its officers on how to deal with the incident like the July 1 ,2017 incident reflect deliberate indifference by the Policymakers and reckless and conscious disregard for the obvious risk that officers would use excessive or deadly force on citizens and made the violations of Plaintiff Morales'' constitutional rights, including his death, a reasonable probability.

54.    Plaintiff would show that Defendant Enrique Carrillo's actions were the result of, or within the scope of, wrongful and reckless customs, policies, practices and/or procedures for which the city of El Paso, Texas, the EPPD, and Chief of Police Allen, under the direction of the El Paso City Council, knew or should have known but never provided the requisite and proper training.

55.    On information and belief, Defendant the City of El Paso, acting through official policies, practices, and customs, and with deliberate, callous, and conscious indifference to the constitutional rights of Plaintiff Morales failed to implement and/or enforce the policies, procedures; and practices necessary to provide constitutionally adequate protection and assistance to Morales and actually implemented action which actually interfered with or

prevented with or prevented Morales from receiving the constitutional protection, assistance and care he deserved.

56.    In addition, Defendant City of El Paso, Texas and EPPD as applicable, failed and refused to implement customs, policies, practices or procedures, and failed to train its personnel adequately on the appropriate policies, practices or procedures regarding the proper use of deadly force. In so doing, Defendant City of El Paso knew that it was acting against the clear dictates of current law, and knew that as a direct consequence of their deliberate decisions, the very situation that occurred -- *i.e.*, the brutal assault and near death of Plaintiff Morales-- in all reasonable probability would occur.

57.    The City of El Paso's failure to properly train and discipline its deputies was the proximate cause of the violations of Plaintiff Morales' constitutional rights and for this reason, the City of El Paso should be held liable for Plaintiffs' injuries..

**Count 8:  F.M., D.M., and Zerenia Carzoza were subjected the intentional infliction of emotional distress**

**Bystander Injury – Defendants Enrique and Aaron Carrillo (state law claim)**

58.    Minors, F.M. and D.M., by and through Plaintiff Fernando Morales, and Plaintiff Zirenia  incorporate by reference paragraphs 1 through 34 as if fully set out herein.

9.    F.M.. and D.M. were present and witnesses the savage and brutal beating that Defendants Enrique Carrillo and Aaron Carrillo inflicted on their father, Plaintiff Fernando Morales.  Both minors saw their father being choked to the point of almost being killed and

observed Defendant Enrique Carrillo pummel Plaintiff Morales multiple times in the face

while Defendant Morales was lying on the pavement, immobilized by the rear naked choke

hold   suffer from the fatal gunshot wound to his head. As one might expect when brothers

witness the brutal attack on their father, F.M.. and D.M.. were traumatized and in shock,

especially when they observed the severe injuries to Plaintiff Morales' face.

60.     The children's mother, Zerenia Cardoza, was also present.  She was shocked and

traumatized when she witnessed Defendants Enrique Carrillo and Aaron Carrillo beating on

her husband, Fernando Morales.

61.     As a direct and proximate result of the savage beating Plaintiff Morales sustained,

F.M., D.M., and the two children's mother, Zirenia Cardoza, seek compensation for the

mental anguish and emotional distress that resulted from having observed Defendants

Carrillos savagely assault Plaintiff Morales.

**Count 9:     Failure to adequately supervise and ratification claim**

62.  Plaintiff Morales incorporates by reference paragraphs 1 through 34 above, as if fully

set forth herein.

63. On Plaintiff's governmental liability claim against the City of El Paso, Texas for failing

to supervise or discipline its officers for prior violations and the resulting lack of supervision:

a. the City of El Paso, Texas failed to adequately supervise and/or discipline

its employees in handling usual and recurring situations with which they deal;

b. the City of El Paso, texas was deliberately indifferent to the need to supervise and/or discipline its officers and/or employees adequately; and

c. the failure to adequately supervise and/or discipline its officers proximately caused the deprivation of Plaintiff Fernando Morales' constitutional rights.

64.    As a direct and proximate result of the City of El Paso, Texas' failure to adequately supervise or discipline its officers, Plaintiff has suffered damages.

### Count 10:    Malicious Prosecution (State Law Claim)

65.    Defendants Enrique Carrillo, Aaron Carrillo, Julio Guereca, and Ruben Cardenas intentionally brought charges against Plaintiff Fernando Morales for Class "A" assault they knew were false and not supported by probable cause.  A jury trial on this Class "A" assault charge has since transpired, after which Plaintiff Fernando Morales was found not guilty, thereby terminating the proceedings in Plaintiff's favor. Plaintiff is completely innocent of the Class "A" assault charge that was he acquitted of by a jury of his person. There was no probable cause to pursue the Class "A" assault charge against Plaintiff. The above-referenced Defendants pursued those charges out of malice. Plaintiff was damaged as a result of Defendants' malicious prosecution, as he has suffered mental anguish and has to pay legal fees and suffered other losses in connection with Class "A" assault offense that has been brought  against him by the above-named Defendants.

**Count 11:     Assault (State Law Claim)**

66.     Plaintiff adopts the factual allegations set out in paragraphs 1-34 above.

67.     Defendants Aaron Carrillo and Enrique Carrillo acted knowingly, intentionally, and recklessly in causing bodily injury to Plaintiff Fernando Morales.     Specifically, both Defendants caused Plaintiff Morales to sustain a broken right eye socket which has resulted in permanent injuries, lacerations to Plaintiff's chin that required stitches, and injuries to his neck and brain that resulted from the rear naked choke hold Defendant Aaron Carrillo placed on him, causing him to lose consciousness.

**Count 12:     Negligent Retention Claim (State law Claim)**

68.     The City of El Paso, through the Mayor, Police Chief, and City Counsel, knew or should have known based on Defendant Enrique Carrillo's past disciplinary history as a police officer that he should have been terminated earlier and not kept on as an officer. However, being aware of his explosive temper and inability to carry on and function as a police officer, the City of El Paso, Texas was negligent in keeping on Officer Carrillo as a police officer. For this reason, the City of El Paso, Texas should be held liable for all injuries that Plaintiff Morales sustained, to include the permanent injury to the right eye Plaintiff sustained.

## PUNITIVE/EXEMPLARY DAMAGES

69.    Plaintiff Morales incorporates by reference paragraphs 1 through 68 as if fully set forth herein. Additionally and in the alternative, the conduct of Defendants Enrique Carrillo and the other Defendant Police officers was done with malice. As such, Plaintiff requests punitive and exemplary damages to deter this type of conduct in the future. In the alternative, such heedless and reckless disregard of Plaintiff's rights, safety and welfare is more than momentary thoughtlessness, inadvertence or misjudgment. Such unconscionable conduct goes beyond ordinary negligence, and as such Plaintiff requests punitive and exemplary damages are awarded against Defendant Enrique Carrillo and the other Defendant Police Officers in a sum which is within the jurisdictional limits of this court.

## DAMAGES

70.    Plaintiff incorporates by reference paragraphs 1 through 69 as if fully set forth herein. Defendants' acts and/or omissions were a proximate cause of the following Injuries suffered by Plaintiff and decedent:

a. Actual damages;

b. Loss of affection, consortium, comfort, financial assistance, protection, affection and care;

c. Pain and suffering and mental anguish suffered by Edwards prior to his death;

d. Mental anguish and emotional distress suffered by Plaintiff;

e. Loss of quality of life;

h. Loss of future earnings an contributions to Plaintiff;

i. Exemplary and punitive damages as well as costs of court;

j. Pursuant to 42 U.S.C. §1988, and other applicable laws, Plaintiff should be awarded reasonable attorney's fees for the preparation and trial of this cause of action, and for its appeal, if required;

k. Prejudgment interest; and

l. Post judgment interest.

## COSTS AND ATTORNEY FEES

71.   Plaintiff incorporates by reference paragraphs 1 through 69 above. Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988(b) and requests the Court to award costs and attorney fees incurred in Plaintiff's prosecution of this litigation.

## JOINT AND SEVERAL LIABILITY

72. Plaintiff incorporates by reference paragraphs 1 through 68 as if fully set forth herein. Plaintiff would show that the Defendants were jointly and severally liable for the gross negligence, which was the proximate cause of Plaintiff's injuries.

## CONDITIONS PRECEDENT

73.     Plaintiffs reserve their rights to plead and prove the damages to which they are entitled at trial. All conditions to Plaintiff's recovery have been performed or have occurred.

## TRIAL BY JURY

74     Plaintiff has paid a jury fee and demands trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that Defendants be cited to appear and answer herein; that upon final trial hereof Plaintiffs have and recovers judgment from Defendants; actual damages, exemplary damages, pre-judgment interest at the legal rate; interest on said judgment at the legal rate; costs of court; and such other and further relief, both general and special, at law and in equity, to which Plaintiffs are justly entitled.

Respectfully submitted,

/s/   James D. Lucas

JAMES D. LUCAS
Texas Bar No. 12658300
303 Texas Avenue, Suite 806
El Paso, Texas  79901
Tel. (915)532-8811
Fax. (915)532-8807
Attorney for Plaintiff

Page -30-

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

El Paso County - County Court at Law 6

Filed 7/16/2019 3:38 PM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV2480

## IN THE COUNTY COURT AT LAW NUMBER SIX
## OF EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| FERNANDO MORALES, Individually, and on behalf of his minor children, F.M..and D.M., and ZERENIA CARDOZA, in her individual capacity | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | NO. 2019DCV2480 |
| ENRIQUE CARRILLO, AARON CARRILLO, JULIO GUERECA, PETE HERRERA, GABRIEL LECHUGA, RUBEN. CARDENAS, MIGUEL CARZOLI, ALBERTO AGUIRRE, JUAN FERREL, JOSEPH VALENZUELA, THE CITY OF EL PASO EL PASO, TEXAS, and the El PASO POLICE DEPARTMENT, Defendants. | ) ) ) ) ) ) ) ) ) ) | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

NOW COMES FERNANDO MORALES, plaintiff, Individually and as the father of

his minor sons, F.M..and D.M.,. ZERENIA CARDOZA, Individually, and file this suit

complaining of Defendants Enrique Carrillo, Aaron Carrillo, Julio Guereco, Pete Herrera,

Ruben Cardenas, Alberto Aguirre, Juan Ferrel, the El Paso Police Department (hereinafter

referred to as EPPD), and the City of El Paso, Texas, by and through its agent and servant,

Roy Oliver, Individually and in his official capacity as a Balch Springs Police Officer, and

for cause files this Fist Amended Original Petition, wherein he would show the Honorable

Court as follows:

Page -1-

# I.

## PARTIES

1.     Plaintiff Fernando Morales is a person of the full age of majority and a resident of El

Paso, Texas. Plaintiff Fernando Morales brings this suit in his individual capacity and on

behalf of his two minor child, F.M. and D.M. .

2.     Plaintiff Zerenia Cardoza is a person of the full age of majority and the wife of

Plaintiff Fernando Morales. She is also an individual who is a resident of El Paso, Texas.

3.     Defendant, Enrique Carrillo, who is sued both in his official and individual capacity,

is a person who is employed by the El Paso Police Department, He can be served at 911

North Raynor, El Paso, Texas 79902, or wherever he may be found.

4.     Defendant, Aaron Carrillo, who is sued in his individual capacity,  is a person who

resides in El Paso County, Texas and can be served at 7348 Black Ridge, El Paso, Texas

79912 or wherever he may be found. .

5.     Defendant, Ruben Cardenas, who is sued in both is official capacity and in his

individual capacity,  is a person who is employed by the El Paso Police Department.  He can

can be served at 911 North Raynor, El Paso, Texas 79902.or wherever he may be found.

6.     Defendant, Miguel Carzoli, who is sued both in his official capacity and in his

individual capacity. is a person who is employed by the El Paso Police Department. He can

be served at 911 North Raynor, El Paso, Texas 79902, or wherever he may be found.

7.     Defendant, Pete Herrera, who is sued both in his official and in his individual

capacity, is a person who is employed by the El Paso Police Department. He can be served at 911 North Raynor, El Paso, Texas 79902, or wherever he may be found..

8.      Defendant, Alberto Aguirre, who is sued both in his official capacity and in his individual capacity, is a person who is employed by the El Paso Police Department. He can be served at 911 North Raynor, El Paso, Texas 79902, or wherever he may be found. .

9.      Defendant, Gabriel Lechuga, who is sued both in official capacity and in his individual capacity, is a person who is employed by the El Paso Police Department. He can be served at 911 North Raynor, El Paso, Texas 79902, or wherever he may be found..

10.     Defendant, Juan Ferrel, who is sued both in his official capacity and in is individual capacity, is a person who is employed by the El Paso Police Department. He can be served at 911 North Raynor, El Paso, Texas 79902, or wherever he may b e found.

11.     Defendant, Joseph Valenzuela, who is sued both in his official capacity and in his individual capacity, is a person who is employed by the El Paso Police Department. He can be served at 911 North Raynor, El Paso, Texas 79902, or wherever he may b e found.

12.     The City of El Paso, Texas operates the El Paso Police Department ("EPPD") is sued for the injuries resulting to Plaintiffs. The City of El Paso, Texas funds and operates the EPPD, which, along with the El Paso City Council, Mayor Dee Margo, and Police Chief Gregg Allen are responsible for the implementation of the police department's budget, policies, procedures, practices, and customs, as well as the acts and omissions, challenged by this suit. The EPPD is also responsible for preventive, investigative, and enforcement

Page -3-

services for all citizens of The City of El Paso, Texas.  The City of El Paso, Texas and the

El Paso City Council may be served with citation herein by and through its agent for service

of process, Mayor Dee Margo, 300 N. Campbell, El Paso, Texas 79901, or wherever he may

be found. .

13.    Police Chief Gregg Allen, who is sued in his official capacity, can be served 911 N

Raynor, El Paso, Texas 79902.

### III.

### JURISDICTION AND VENUE

6      Jurisdiction exists in this court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action

is brought under, inter alia, the Fourth Amendment of the United States Constitution and 42

U.S.C. §§ 1983 and 1985(3), to redress the deprivation of rights, privileges and immunities

guaranteed to Plaintiff Morales, by constitutional and statutory provisions.

7.    Venue is proper in this court because the causes of action occurred within El Paso

County, Texas.

### IV.

### THE FACTS

8..    This is an action brought by the Plaintiff, Fernando Morales and Zerenia Cardoza

against the above-named Defendants, in connection with an incident that ccurred at 9051 N.

Resler in El Paso, Texas on July 1, 2017.  On that date, Plaintiff Fernando Morales was

traveling the Walmart parking in his personal vehicle when off-duty police officer Enrique

Carrillo failed to yield the right-of-way in the Walmart Parking lot and almost collided with Plaintiff's Fernando Morales F150 Ford pickup truck. Plaintiff Morales had to brake to avoid the collision, at which time Enrique Carrillo "flipped off" Fernando Morales with his middle finger, who was accompanied by his wife, Zerenia Cardoza, their two young children, F.M. and D.M., and Sonia Baca and Yesenia Jacquez, two grown adults.

9.    After the two vehicles passed, Defendant Enrique Carrillo stopped the Nissan Altima he was driving and Plaintiff Fernando Morales exited his Ford Pickup truck and walked over to the Nissan Altima. to speak with Defendant Enrique Carrillo. Even though he engaged in no conduct to warrant an attack, Plaintiff Morales was thereafter grabbed from behind by Defendant Aaron Carrillo, the son of Defendant Enrique Carrillo, who occupied the front passenger set of the Nissan Altima Defendant Enrique Carrillo was operating. Defendant Aaron Carrillo placed Fernando Morales in a "Rear Naked Choke Hold" while his father, Defendant Enrique Carrillo, began punching Defendant Fernando Morales multiple times about the face, using his closed fist in a hammer-like position. This rendered Plaintiff's face very bloody, resulting a broken right eye socket and serious injuries to his chin. Defendant Aaron Carrillo then took Fernando Morales down to the ground while still holding Plaintiff Morales in a rear naked choke hold.

10.    When the rear naked choke hold was applied to Plaintiff Morales, the face of Morales began changing color and Morales began having great difficulty breathing and was losing consciousness, to the point he was on the brink of passing out and even death. Shortly

Page -5-

thereafter, Aaron Carrillo wrestled Plaintiff Morales to the ground while maintaining the same rear naked choke hold he had initially applied around the neck of Plaintiff Morales.. Defendant Aaron Carrillo's father, Enrique Carrillo, then got on top of Plaintiff Morales and began using his hand, balled up in a fist, to administer several hammer-like blows to Plaintiff Morales' face. While this was occurring, the choke hold administered to Plaintiff Morales was not relaxed and, as such, the choke hold cut of the blood supply to Plaintiff Morales' brain, to the point of almost killing him. By good fortune, Defendant Aarron Carrillo, was forced to release his choke hold on Plaintiff Morales, such that Morales was not asphyxiated by the choke hold.

11.     As a result of the beating Plaintiff Morales sustained, a CAT scan or MRI was performed on him and it was determined that Plaintiff Morales' right eye socket was broken. Plaintiff also sustained injuries to his face and chin. Since the assault, Plaintiff has suffered from serious regular, very painful headaches resulting to the pounding to his head and brain and permanent injuries to his right eye. In particular, Plaintiff has sustained a significant loss of vision to his right eye by reason of the assault initiated against him by Defendants Enrique Carrillo and Aaron Carrillo. While this brutal assault was taking place, Plaintiff Morales' children, F.M. and D.M. were watching and were mortified and severely traumatized of the way officer Enrique Carrillo what appeared to be an attempt by Defendant Enrique Carrillo and his son to choke out and kill Plaintiff Morales. F.M. and D.M. witnessed their father being choked and punched repeatedly by Defendant Enrique Carrillo while his son, Aaron

Carrillo, held Plaintiff Morales immobilized in a rear naked choke hold, a martial arts killing

maneuver that cuts off blood to the brain.

12..    Shortly after the assault of Plaintiff Morales occurred, several members of the El Paso

Police Department were dispatched to the scene of the incident. Right away, these officers

began conspiring to deprive Plaintiff Morales of Due Process of Law and of Plaintiff

Morales' right to be free of Unreasonable Searches and Seizures by immediately working to

find a reason to arrest Plaintiff Morales without attempting to determine what had occurred.

The EPPD officers on the scene did not question Plaintiff Morales or his family what had

happened. Defendant EPPD officers also made not attempt to take witness statements only

from many of the civilian witnesses who had observed the incident unfold.  These officers

placed Defendant Morales in a squad car very shortly after the assault incident occurred.

Indeed, shortly after the assault incident concluded, Sgt. Ruben Cardenas arrived on the

scene and began immediately accusing Plaintiff Morales of assault and advising him that he

would be arrested for assault without first getting both sides of the story and determining who

was at fault and should be arrested for assault.. Sgt. Cardenas and the other Defendant EPPD

officers on the scene thus focused their efforts exclusively on building a criminal case against

Plaintiff Morales and took only witness statements that supported only Defendant Enrique

Carrillo's version of events.  Defendant Officers were never interested in hearing Plaintiff

Morales' side of the story of what his witnesses offered.

13.    The below-named Defendant police officers of the El Paso Police Department failed

and/or refused to take witness statements from civilian witnesses (to include the civilian witnesses in Plaintiff Morales' vehicle) include: Ruben Cardenas, Julio Guereca, Joseph Valenzuela, Alberto Aguirre, Julio Guereca, Pete Herrera, Gabriel Lechuga, Ruben Cardenas, Miguel Carzoli, and Juan Ferrel. Defendant officers participated in initiating bogus and unfounded assault on Plaintiff Morales to deflect from the brutal assault Defendant police officer Enrique Carrillo and his son, Aaron Carrillo had perpetrated against Morales. Plaintiff Zirenia Cardoza was also arrested for one or more old traffic warrants after she made it clear that she wanted to make a complaint against Defendant Enrique Carrillo and his son for their conduct in assaulting her husband, but was denied this opportunity.

14.    Defendant Officers Miguel Carzoli and Juan Ferrel also conducted a warrantless arrest of Plaintiff Morales for driving while intoxicated ("DWI"), even though no probable cause existed for such an arrest and Plaintiff Morales was not taken to a magistrate. Plaintiff believes these officers also secured a blood draw from him after he was led to believe by the hospital staff that his blood was being drawn for medical purposes. Defendants Carzoli and Ferrel also participated and/or witnessed someone other than Morales sign a consent form to draw blood form that authorized the police to test Plaintiff Morales' blood/alcohol concentration level. Plaintiff asserts that he never consented to having his blood drawn on this occasion and further asserts that he did not sign a consent to draw blood form that the police now have in their possession. Plaintiff Morales further asserts that Defendants Carzoli and Ferrel conspired to violate his Fourth Amendment right against unreasonable searches

and seizures by securing his forged signature a consent to draw blood form and by arresting him for the offense of DWI, without first taking him to a magistrate.

15.    Defendant EPPD officers, to include officers Guereca and Sgt. Cardenas, arrested Plaintiff Morales for having committed a Class "A" assault against Defendant Enrique Carrillo and for driving while intoxicated ("DWI"). These arrest of Morales on both charges was made without first taking him before a magistrate for a probable cause determination.

16.    A jury trial has since transpired on the Class "A" assault charge. After the jury trial, Morales was found not guilty of the "Assault" charge EPPD officers involved in the police investigation had fabricated against him. To date, not one of the officers involved in the investigation has taken responsibility for the biased and one-sided investigation that was undertaken in this particular case. In fact, not one of the Defendant EPPD officers named in this case has identified himself as a case agent.

17.    All of Defendant officers who participated in the investigation and arrest of Plaintiff Morales violated EPPD policy by not calling a Lieutenant to appear on the scene, as was required, since this was an officer-involved incident. EPPD Officer Pete Herrera also attempted to cancel officers dispatched to the scene pursuant to a 911 call that was made so as to protect their fellow officer, Defendant Ernique Carrillo from being investigated and/or arrested for his role in assaulting Plaintiff Morales.

18.    Plaintiffs content that officers of the El Paso Police Department serve in the capacity of police officers 24 hours a day, whether on-duty or off-duty. For this reason, Defendant

Enrique Carrillo and the officers involved in the investigation of the case acted under the color of law in violation of Morales' rights under the Fourth Amendment of the United States Constitution, in violation of his civil rights pursuant to 42 U.S.C. § 1983, and also conspired to violate Plaintiff Morales' rights under 42 U.S.C. § 1985(3).

19.    Plaintiffs allege that the City of El Paso, Texas ("City of El Paso Texas") and its policy makers, specifically the El Paso City Council, Mayor Dee Margo and Chief of Police Gregg Allen (collectively referred herein as the "Policymakers") failed to properly train, supervise, screen, discipline, transfer, counsel or otherwise control officers who are known, or who should have been known, to engage in the use of excessive force and/or deadly force, including those officers repeatedly accused of such acts. The Policymakers, specifically the City Council of El Paso, Texas, Mayor Dee Margo, and Chief of Police Gregg Allen had a duty, but failed to implement and/or enforce policies, practices and procedures for the EPPD that respected Plaintiff Fernando Morales' constitutional rights to be free of unlawful searches and seizures, of his Fourth Amendment right to not be subjected to excessive force, and of his Due Process Right to expect a fair and impartial investigation and prosecution of his case, and of his right to not be subjected to false arrests for driving while intoxicated ("DWI").

20.    Plaintiffs allege that Defendant City of El Paso, Texas and its Policymakers, specifically the City Council of El Paso, Texas, Mayor Dee Margo and Chief Gregg Allen's failure to adequately supervise and discipline Defendants, implement the necessary policies

and the implementation of unconstitutional policies caused Plaintiff Fernando Morales to be wrongfully arrested for DWI and protected Defendant Enrique Carrillo and his son, Aaron Carrillo, from being arrested for the assault of Plaintiff Morales. The conduct of Defendant Enrique Carrillo and his son, Aaron Carrillo, and of the several police officers who conspired to cover up and conceal the assaultive conduct committed by officer Enrique Carrillo and his son caused Plaintiff Zirenia Cardoza and her and Plaintiff Morales' two sons, F.M. and D.M., unwarranted and excruciating physical and mental anguish and consciously disregarded the rights of Plaintiff Morales, knowing that the Policymakers would approve and/or ratify their actions.

21.    Defendant Enrique Carrillo has a reputation for aggressive behavior in the past. The City of El Paso, Texas and the El Paso Police Department possess records that reveal that he should long ago have been terminated from the El Paso Police Department.  However, all of this conduct was overlooked and he  was kept on the force. The personnel files maintained by the El Paso Police Department confirm this fact.

22..    The City of El Paso, Texas, the EPPD, and the Policymakers knew of Defendant Enrique Carrillo's lack of self control and lack of training but did nothing to protect Edwards and others from the harm they suffered.

23.    Defendant, the City of El Paso, Texas has a longstanding record of not providing EPPD officers with adequate training and not preventing excessive force claims by EPPD officers. The El Paso City Council, Mayor Dee Margo, appears to have delegated policy-

making authority to Chief Allen, giving him the responsibility for setting training policies and knew that there were unaddressed training issues which resulted in the assault of Plaintiff Fernando Morales by officer Enrique Carrillo.

24..    The EPPD has failed to provide adequate training to Defendant Enrique Carrillo on proper arrest and confrontation techniques.

25.    The EPPD failed to provide adequate training to Officer Enrique Carrillo on appropriate methods and techniques to control situations similar to the incident that transpired on July 1, 2017. The EPPD knew or should have known that the training provided to Defendant Enrique Carrillo was inadequate or nonexistent.

26.    Plaintiff Morales posed no threat of causing bodily harm to Defendant Enrique Carrillo or any other person in the immediate area on the date of he incident. No credible evidence exists that Defendant Carrillo others reasonably feared for their lives or that they were injured by Plaintiff.

27.    On the date Defendant Enrique Carrillo and his son Aaron Carrillo savagely beat Plaintiff Morales, Plaintiff did not provoke the incident or resist in any way so as to justify Defendant Enrique Carrillo and his son's use of excessive force in attempting to choke Plaintiff out, break Morales' eye socket, cause lacerations to Morales' chin, and cause other injuries.

28.    Defendant Enrique Carrillos' unlawful and unwarranted acts, lack of training and the official customs or policies of the EPPD caused Plaintiff Morales to sustain the serious

injuries he sustained and also caused severe emotional and mental distress and mental anguish to Zirenia Morales and her two children, F.M. and D.M.

29.   Plaintiff would show that at all times material hereto, Defendant Enrique Carrillo and the other Defendant EPPD officers named in this suit failed to follow accepted protocol for investigating an officer-involved incident and acted in a partial and biased manner to ensure that Plaintiff Morales was arrested and that Defendant Enrique Carrillo and his son were allowed to go free for the assault they committed against Morales. Officer Lechuga even failed to secure the videotape of the assault from the local Walmart Store, as this videotape would have demonstrated that Officer Enrique Carrillo had failed to yield the right of way, almost causing the accident and that Carrillo had also failed to provide a truthful version of events in giving his statement.  Plaintiff asserts that even though this videotape constituted exculpatory value, Officer Lechuga failed to preserve it.

30.   In detaining, searching, and/or arresting Plaintiff Morales for assault and for DWI without properly investigating the case, without observing police protocol for an officer-involved incident, and in arresting Morales a Class "A" assault and on a DWI charge without first taking him before a magistrate, Defendant EPPD officers acted under color of law. With regard to the DWI, Plaintiff Morales was not subjected to field sobriety testing and the blood Defendant officers illegally secured from Plaintiff Morales without consent or a valid warrant showed that Plaintiff Morales did not possess a blood-alcohol concentration of a .08 level or greater so as to warrant a finding that he was legally intoxicated.

31.  No reasonably competent official would have concluded that the actions of Defendant Enrique Carrillo and the other EPPD police officers described herein did not violate Plaintiff Morales' constitutional rights. In other words, no reasonably prudent police officer under similar circumstances could have believed that Defendant Enrique Carrillo's conduct was justified nor was the treatment of Plaintiff Morales or Plaintiff Zerenia Cardoza reasonable.

32    There is no evidence that Defendant Enrique Carrillo or anyone else was in danger of imminent death or great bodily harm. There were no struggles that would indicate that the use of excessive and/or deadly force was justified.

33.  Plaintiff Morales posed no risk to Defendant Enriquez or any other person in the immediate area. Morales did not attempt to harm Enriquez and was not committing a crime

or reasonably believed to have committed a crime when Defendant Enrique Carrillo and his son brutally assaulted him.

34.  The unlawful and unwarranted acts of Defendant Enriquez and the other named police officer defendants, lack of training and the official customs or policies of the EPPD caused Plaintiff's injuries. As a direct and proximate result of the Defendants' conduct, Plaintiff Morales has sustained substantial permanent bodily injuries, pecuniary loss, and other damages. Specifically, Plaintiff Morales suffered pain by reason of the bloody beating to the face he sustained and from being choked. His chin also had to be stitched up from the blows

he sustained. Plaintiff also sustained permanent injury to his right eye. Plaintiff Morales no longer has the same good vision in his right eye by reason of the blows Defendant Enrique Carrillo suffered. His right eye now wanders off to the side or to the bottom when he attempts to focus. Plaintiff Morales also suffers from severe headaches he never had before. Plaintiff Morales believes that these headaches are attributable to the rear naked choke hold he sustained. Morales also suffers from lack of sleep.

35.    Plaintiff Morales also lost his trucking job because of the beating he took, and therefore lost his Ford Pickup 150 truck and all of the equity after the truck was repossessed. Morales estimates the equity in his Ford Pickup to be $15,000.00 dollars . Plaintiff Morales also lost wages of what he estimates were $10,000.00 by reason of the assault.  Plaintiff Morales also had to pay bond to get out of jail and criminal fees of approximately $2,0000.00 up to this point. Plaintiff also had to pay late fees of approximately $600.00 in late fees when he could not pay his apartment rent after  being arrested and losing his job.

## PLAINTIFFS' CLAIMS

### Count 1:  Plaintiff Morales' Excessive Force Claims (42 U.S.C. 1983)

36.    Plaintiff Morales incorporates by reference paragraphs 1 through 35 set out above, as if fully set forth herein.

37.    Plaintiff asserts that Defendant Enrique Carrillo, an off-duty police officer, and his son, Aaron Carrillo, engaged in Excessive Force, in violation of the Fourth Amendment to

the United States Constitution, by assaulting him the way they did. It was excessive force for Defendant Aaron Carrillo to place Plaintiff in a rear naked choke hold and to choke him to the point where his face began changing color and he was on the brink of death. It was also excessive force for Defendant Enrique Carrillo to repeatedly punch Plaintiff Morales about the face, using his fist like hammers, while Morles was held down on the pavement in a rear naked choke hold by Aaron Carrillo. Such conduct by Enrique Carrillo and that of his son on the occasion in question was wrongful, malicious and reckless in depriving Morales of his constitutional rights.

38.    Plaintiff Morales would further show that at all times material hereto, Defendant Enrique Carrillo had a duty to avoid infliction of unjustified bodily injury on him, a duty to protect Plaintiff's bodily integrity and to not trample on Plaintiff's constitutional rights.

39.    Plaintiff Morales would show that Defendant Enrique Carrillo, and his son Aaron Carrillo, failed to act as a reasonable officer would have acted in the same or similar circumstances. That is, Defendant Enrique Carrillo and his son Aaron Carrillo, without justification and the need to do so, used excessive and deadly force. Plaintiff Morales never made any threatening gestures toward Defendant Oliver and did not pose an immediate threat to the safety of Defendant Carrillo or others.

40.    Defendant Enrique Carrillo's actions and that of his son, Aaron Carrillo, were not objectively reasonable because their conduct was calculated and designed to inflict excessive and deadly force and permanent injury to Plaintiff Morales.

41.    Plaintiff Fernando Morales would show that Defendant Enrique Carrillo and his son, Aaron Carrillo, denied Morales his right to be free from the use of excessive force, in violation of Morales' Fourth Amendment rights under the United States Constitution.

42.    The force used by Defendants Enrique Carrillo was unnecessary, excessive and unreasonable under the circumstances, as Plaintiff Morales did not pose an immediate threat to the safety of either Defendant and the use of such excessive and deadly force was unnecessary. Defendant Enrique Carrillo and Aaron Carrillo embarked on a willful, malicious, reckless and outrageous course of conduct that was intended to cause and, in fact, caused pain and permanent physical injury to Plaintiff Morales and his eye, and also caused Plaintiff Morales to suffer extreme and severe mental and emotional distress, agony and anxiety. Plaintiff Morales has also sustained a loss of income, lost his truck which was repossessed, and suffered other pecuniary damages. As a result of these Constitutional violations to Plaintiff Morales and the injuries he sustained, Plaintiff Morales seeks compensation for his injuries.

**Count 2: Defendants' Failure to Investigate Plaintiff's Assault Claim (42 U.S.C. § 1983)**

43.    Plaintiff Morales asserts that under the Fourth Amendment and under 42 U.S.C. § 1983, Defendant Officers Guereca, Aguirre, Cardenas, Lechuga, Herrera, Carzoli, Lechuga, Ferrel, and Valenzuela had a duty but failed to conduct a reasonably adequate investigation of his claim that he had been assaulted before they effected a warrantless arrest of his person

for Class "A" assault and for driving while intoxicated ("DWI"). These Defendants failed to reasonably interview witnesses that were available at the scene, failed to investigate basic evidence, and failed to otherwise inquire into facts that were available to them and would have shown that Plaintiff Morales was viciously and brutally assaulted by Defendants Enrique Carrillo and Aaron Carrillo. Instead, they made the snap decision to effect a warrantless arrest of Plaintiff Morales for Class "A" assault and for DWI without conducting any real, impartial and objective investigation. Defendants also failed to call upon a Lieutenant or other appropriate supervisor to conduct the investigation, as this incident was a police-officer involved incident. In addition, Defendant Lechuga concealed exculpatory evidence by failing to retrieve the Walmart videotape of the incident and to include it as part of his report. Defendants failed to give any of the four adults (which includes Plaintiff Morales) an opportunity to explain how Defendants Enrique Carrillo and Aaron Carrillo had assaulted Plaintiff Morales. The one-sided and biased focus of these Defendant officers during the course of their investigation therefore deprived Morales of his right to be free of unreasonable searches and seizures under the Fourth Amendment. One such example was Defendant Joseph Valenzuela, the crime scene officer, who failed photograph Plaintiff's Morales' injuries before he had been treated at a hospital and his wounds were cleaned up. Another example was that of Herrera providing a non-credible factual account of what occurred and to call off the officers dispatched to the scene.

**Count 3:    Unlawful Seizure of Plaintiff Morales' person (42 U.S.C. § 1983)**

44.    Plaintiff Morales asserts that under the Fourth Amendment and under 42 U.S.C. § 1983, Defendant Officers Guereca, Cardenas, Carzoli, and Ferrel violated his right to be from unreasonable seizures by detaining him and then later arresting him for a Class "A" assault without reasonable suspicion or probable cause and without first taking Morales before a magistrate so that a probable cause determination could be made whether he should be arrested for Class "A" assault. Sergeant Ruben Cardenas announced his decision to effect the warrantless arrest of Plaintiff for Class "A" assault right after the incident involving Plaintiff Morales and Defendants Enrique Carrillo and Aaron Carrillo transpired. Because this decision was before any meaningful investigation had been conducted, the decision by Sgt. Cardenas to make this warrantless arrest was unreasonable under the circumstances. Officer Guereca likewise violated Plaintiff's Fourth Amendment right to be free from unreasonable seizures by complying with this directive and effecting the warrantless arrest of Morales for Class "A" assault, as this arrest was not supported by probable cause to believe that an offense had been committed.

45.  Officers Carzoli and Ferrel also violated Plaintiff's Fourth Amendment right to be free from unreasonable seizures by making a warrantless arrest of Plaintiff Morales for driving while intoxicated ("DWI"), when no field sobriety tests were conducted on Plaintiff Morales, no reckless or improper driving conduct was observed on the part of Plaintiff Morales, and no other objectively reasonable evidence was obtained that would support a probable cause finding that Plaintiff Morales was driving while intoxicated. If Defendant officers had been

conducting a neutral and unbiased investigation, they would have observed that Plaintiff Morales had sustained serious injury to his right eye where the eye socket was broken, and that he was very bloody from the beating Defendants Enrique Carrillo and Aaron Carrillo had administered. The warrantless arrest of Plaintiff Morales by Officers Carzoli and Ferrel for DWI therefore violated Plaintiff's right to be free from unreasonable seizures, especially given that the illegal blood draw these officers obtained reveals that Plaintiff Morales had a blood-alcohol concentration under the .08 intoxication standard adopted under Texas law.

**Count 4:     Unlawful Search of Plaintiff Morales' person (42 U.S.C. § 1983)**

46.    Plaintiff Morales asserts that the blood draw conducted on his person by Officers Carzoli and Ferrel constituted an illegal search under the Fourth Amendment and under 42 U.S.C. § 1983. Plaintiff did not sign the consent form contained in the District Attorney's case file. This consent form was forged. Consequently, Plaintiff Morales asserts that the blood draw obtained on his person was not authorized by him, as it was obtained through a forged consent blood draw form. This blood draw forms the basis of Plaintiff Morales' current felony DWI prosecution. Plaintiff Morales has also had to expend legal fees to defend against this felony DWI offense, has lost work as a truck driver due to PR conditions he had to comply with, and has suffered considerable mental anguish and anxiety having to defend against this pending felony DWI charge. All of these injuries and damages resulted from the illegal search of Plaintiff Morales' person by the above-named defendants.

**Count 5:  Conspiracy to Violate Civil Rights Claim (42 U.S.C. §§ 1983 and 1985(3))**

47.    Plaintiff Morales adopts the allegations of civil rights violation alleged in Counts 1 through 4 above.  Plaintiff asserts that Defendant Officers Guereca, Aguirre, Cardenas, Lechuga, Herrera, Carzoli, Lechuga, Ferrel, and Valenzuela conspired together to thwart and refrain from conducting a neutral and thorough investigation of the incident which has brought about this lawsuit. Plaintiff Morales further asserts that said Defendants conspired to  unlawfully seize his person by arresting him for a Class "A" assault and for DWI, in violation of the Fourth Amendment right to be free of unreasonable seizures. Defendants also conspired to illegally obtain a blood draw from Plaintiff Morales.  By reason of this conspiracy, Plaintiff Morales has suffered pain and suffer, permanent injury and loss of vising in his right eye, lost considerable income (estimated to be $10,000.00), lost the equity in his Ford F 150 that was repossessed, and has incurred legal fees and mental anguish for having to defend against unfounded criminal prosecutions

**Count 7:      Unreasonable Seizure and Substantive Due Process –**

**Fabrication of Criminal Charges**

48. By arresting and bringing false criminal charges against Plaintiff, Defendant police officers Cardenas, Guereca, Carzoli, and Ferrel conducted an unreasonable seizure and thereby violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United

States Constitution. Defendants intentionally and knowingly seized Plaintiff and brought false criminal charges against Plaintiff for Class "A" assault and for DWI. These charges were not supported by probable cause. Signed sworn affidavits in support of the charges were even filed. While proof of malice is not required to support Plaintiff Morales claim, there is ample evidence to show the conduct at issue was intentional and knowing. Defendants' unlawful and criminal acts violated Plaintiff's Fourth and Fourteenth Amendment rights against unreasonable seizure and substantive due process. Plaintiff suffered and is entitled to recover damages as a result of the fabrication of these criminal charges and seeks damages for all of the many injuries Plaintiff suffered.

**Count 6:    Failure to Train by the City of El Paso, Texas (42 U.S.C. § 1983)**

49.    Plaintiff incorporates paragraphs 1 – 48 as if fully set forth herein. Prior to July 1, 2017, the El Paso Police Department knew or should have known that Defendant Enrique Carrillo exhibited a pattern of escalating encounters with the public.

50.    Defendant Enrique Carrillo and other officers at the scene of the shooting incident were acting under color of law and acting pursuant to customs, practices and policies of the City of El Paso, Texas and the EPPD in regards to the use of deadly force as authorized and/or ratified by the Policymakers, specifically the El Pso City Council, Mayor Dee Margo, and Chief Gregg Allen. Plaintiff Morales was therefore deprived of rights and privileges secured to him by the United States Constitution and by other laws of the United States by

the City of El Paso, which failed to provide proper training, adequate supervision or discipline in dealing with individuals such as Defendant Carrillo, in violation of 42 U.S.C. §1983 and related provisions of federal law and in violation of the above cited constitutional provisions.

51.     With respect to the claims made the basis of this lawsuit, the City of El Paso and EPPD failed to adequately train its officers on how to deal with individuals during a raid of an event and the subsequent use of deadly force. The failure to train its officers in a relevant respect reflects a deliberate indifference to the City of El Paso, Texas the El Paso  City Council, Mayor Dee Margo, and Chief Gregg Allen, all of which is actionable under 42 U.S.C. § 1983.

52. Defendant, the City of El Paso, Texas, under the direction of the El Paso City Council, Mayor Dee Margo, and Chief Allen developed and maintained a policy of deficient training of its police force in the use of force, including the proper use of deadly force and dealing with individuals during a raid of an event. The EPPD training was designed and implemented by Chief Allen under the direction of the City Manager and/or the El Paso City Council, to act in this regard.

53.     The El Paso City Council, Mayor Dee Margo, and Chief Gregg Allen's failure to provide adequate training to its officers on how to deal with the incident like the July 1 ,2017 incident reflect deliberate indifference by the Policymakers and reckless and conscious disregard for the obvious risk that officers would use excessive or deadly force on citizens

and made the violations of Plaintiff Morales'' constitutional rights, including his death, a reasonable probability.

54.    Plaintiff would show that Defendant Enrique Carrillo's actions were the result of, or within the scope of, wrongful and reckless customs, policies, practices and/or procedures for which the city of El Paso, Texas, the EPPD, and Chief of Police Allen, under the direction of the El Paso City Council, knew or should have known but never provided the requisite and proper training.

55.    On information and belief, Defendant the City of El Paso, acting through official policies, practices, and customs, and with deliberate, callous, and conscious indifference to the constitutional rights of Plaintiff Morales failed to implement and/or enforce the policies, procedures; and practices necessary to provide constitutionally adequate protection and assistance to Morales and actually implemented action which actually interfered with or prevented with or prevented Morales from receiving the constitutional protection, assistance and care he deserved.

56.    In addition, Defendant City of El Paso, Texas and EPPD as applicable, failed and refused to implement customs, policies, practices or procedures, and failed to train its personnel adequately on the appropriate policies, practices or procedures regarding the proper use of deadly force. In so doing, Defendant City of El Paso knew that it was acting against the clear dictates of current law, and knew that as a direct consequence of their deliberate decisions, the very situation that occurred -- *i.e.*, the brutal assault and near death

of Plaintiff Morales-- in all reasonable probability would occur.

57.    The City of El Paso's failure to properly train and discipline its deputies was the proximate cause of the violations of Plaintiff Morales' constitutional rights and for this reason, the City of El Paso should be held liable for Plaintiffs' injuries..

### Count 8:  F.M., D.M., and Zerenia Carzoza were subjected the intentional infliction of emotional distress

### Bystander Injury – Defendants Enrique and Aaron Carrillo (state law claim)

58.    Minors, F.M. and D.M., by and through Plaintiff Fernando Morales, and Plaintiff Zirenia  incorporate by reference paragraphs 1 through 34 as if fully set out herein.

9.    F.M.. and D.M. were present and witnesses the savage and brutal beating that Defendants Enrique Carrillo and Aaron Carrillo inflicted on their father, Plaintiff Fernando Morales.  Both minors saw their father being choked to the point of almost being killed and observed Defendant Enrique Carrillo pummel Plaintiff Morales multiple times in the face while Defendant Morales was lying on the pavement, immobilized by the rear naked choke hold  suffer from the fatal gunshot wound to his head. As one might expect when brothers witness the brutal attack on their father, F.M.. and D.M.. were traumatized and in shock, especially when they observed the severe injuries to Plaintiff Morales' face.

60.    The children's mother, Zerenia Cardoza, was also present.  She was shocked and traumatized when she witnessed Defendants Enrique Carrillo and Aaron Carrillo beating on her husband, Fernando Morales.

61.    As a direct and proximate result of the savage beating Plaintiff Morales sustained, F.M., D.M., and the two children's mother, Zirenia Cardoza, seek compensation for the mental anguish and emotional distress that resulted from having observed Defendants Carrillos savagely assault Plaintiff Morales.

**Count 9:    Failure to adequately supervise and ratification claim**

62. Plaintiff Morales incorporates by reference paragraphs 1 through 34 above, as if fully set forth herein.

63. On Plaintiff's governmental liability claim against the City of El Paso, Texas for failing to supervise or discipline its officers for prior violations and the resulting lack of supervision:

　　　a. the City of El Paso, Texas failed to adequately supervise and/or discipline its employees in handling usual and recurring situations with which they deal;

　　　b. the City of El Paso, texas was deliberately indifferent to the need to supervise and/or discipline its officers and/or employees adequately; and

　　　c. the failure to adequately supervise and/or discipline its officers proximately caused the deprivation of Plaintiff Fernando Morales' constitutional rights.

64.    As a direct and proximate result of the City of El Paso, Texas' failure to adequately supervise or discipline its officers, Plaintiff has suffered damages.

**Count 10:    Malicious Prosecution (State Law Claim)**

65.    Defendants Enrique Carrillo, Aaron Carrillo, Julio Guereca, and Ruben Cardenas intentionally brought charges against Plaintiff Fernando Morales for Class "A" assault they knew were false and not supported by probable cause.  A jury trial on this Class "A" assault charge has since transpired, after which Plaintiff Fernando Morales was found not guilty, thereby terminating the proceedings in Plaintiff's favor. Plaintiff is completely innocent of the Class "A" assault charge that was he acquitted of by a jury of his person. There was no probable cause to pursue the Class "A" assault charge against Plaintiff. The above-referenced Defendants pursued those charges out of malice. Plaintiff was damaged as a result of Defendants' malicious prosecution, as he has suffered mental anguish and has to pay legal fees and suffered other losses in connection with Class "A" assault offense that has been brought  against him by the above-named Defendants.

**Count 11:    Assault (State Law Claim)**

66.    Plaintiff adopts the factual allegations set out in paragraphs 1-34 above.

67.    Defendants Aaron Carrillo and Enrique Carrillo acted knowingly, intentionally, and recklessly in causing bodily injury to Plaintiff Fernando Morales.  Specifically, both Defendants caused Plaintiff Morales to sustain a broken right eye socket which has resulted in permanent injuries, lacerations to Plaintiff's chin that required stitches, and injuries to his neck and brain that resulted from the rear naked choke hold Defendant Aaron Carrillo placed on him, causing him to lose consciousness.

**Count 12:     Negligent Retention Claim (State law Claim)**

68.     The City of El Paso, through the Mayor, Police Chief, and City Counsel, knew or should have known based on Defendant Enrique Carrillo's past disciplinary history as a police officer that he should have been terminated earlier and not kept on as an officer. However, being aware of his explosive temper and inability to carry on and function as a police officer, the City of El Paso, Texas was negligent in keeping on Officer Carrillo as a police officer. For this reason, the City of El Paso, Texas should be held liable for all injuries that Plaintiff Morales sustained, to include the permanent injury to the right eye Plaintiff sustained.

## PUNITIVE/EXEMPLARY DAMAGES

69.     Plaintiff Morales incorporates by reference paragraphs 1 through 68 as if fully set forth herein. Additionally and in the alternative, the conduct of Defendants Enrique Carrillo and the other Defendant Police officers was done with malice. As such, Plaintiff requests punitive and exemplary damages to deter this type of conduct in the future. In the alternative, such heedless and reckless disregard of Plaintiff's rights, safety and welfare is more than momentary thoughtlessness, inadvertence or misjudgment. Such unconscionable conduct goes beyond ordinary negligence, and as such Plaintiff requests punitive and exemplary

damages are awarded against Defendant Enrique Carrillo and the other Defendant Police Officers in a sum which is within the jurisdictional limits of this court.

## DAMAGES

70.    Plaintiff incorporates by reference paragraphs 1 through 69 as if fully set forth herein. Defendants' acts and/or omissions were a proximate cause of the following Injuries suffered by Plaintiff and decedent:

a. Actual damages;

b. Loss of affection, consortium, comfort, financial assistance, protection, affection and care;

c. Pain and suffering and mental anguish suffered by Edwards prior to his death;

d. Mental anguish and emotional distress suffered by Plaintiff;

e. Loss of quality of life;

h. Loss of future earnings an contributions to Plaintiff;

i. Exemplary and punitive damages as well as costs of court;

j. Pursuant to 42 U.S.C. §1988, and other applicable laws, Plaintiff should be awarded reasonable attorney's fees for the preparation and trial of this cause of action, and for its appeal, if required;

k. Prejudgment interest; and

l. Post judgment interest.

## COSTS AND ATTORNEY FEES

71.   Plaintiff incorporates by reference paragraphs 1 through 69 above. Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988(b) and requests the Court to award costs and attorney fees incurred in Plaintiff's prosecution of this litigation.

## JOINT AND SEVERAL LIABILITY

72. Plaintiff incorporates by reference paragraphs 1 through 68 as if fully set forth herein. Plaintiff would show that the Defendants were jointly and severally liable for the gross negligence, which was the proximate cause of Plaintiff's injuries.

## CONDITIONS PRECEDENT

73.   Plaintiffs reserve their rights to plead and prove the damages to which they are entitled at trial. All conditions to Plaintiff's recovery have been performed or have occurred.

## TRIAL BY JURY

74   Plaintiff has paid a jury fee and demands trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that Defendants be cited to appear and answer herein; that upon final trial hereof Plaintiffs have and recovers

judgment from Defendants; actual damages, exemplary damages, pre-judgment interest at the legal rate; interest on said judgment at the legal rate; costs of court; and such other and further relief, both general and special, at law and in equity, to which Plaintiffs are justly entitled.

Respectfully submitted,

_/s/   James D. Lucas_

JAMES D. LUCAS
Texas Bar No. 12658300
303 Texas Avenue, Suite 806
El Paso, Texas  79901
Tel. (915)532-8811
Fax. (915)532-8807
Attorney for Plaintiff

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **EL PASO POLICE DEPARTMENT,** who may be served with process **by serving POLICE CHIEF GREGG ALLEN at 911 NORTH RAYNOR, EL PASO, TEXAS 79902** or wherever he/she may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's First Amended Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 6,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 1st day of July, 2019, by Attorney at Law, JAMES D. LUCAS, 303 TEXAS AVENUE, SUITE 806, EL PASO, TEXAS 79901 in this case numbered **2019DCV2480** on the docket of said court, and styled:

**FERNANDO MORALES, INDIVIDUALLY, AND ON BEHALF OF HIS MINOR CHILDREN, F.M.. AND D.M., AND ZERENIA CARDOZA, IN HER INDIVIDUALLY CAPACITY**
**VS.**
**ENRIQUE CARRILLO, AARON CARRILLO, JULIO GUERECA, PETE HERRERA, GABRIEL LECHUGA, RUBEN. CARDENAS, MIGUEL CARZOLI, ALBERTO AGUIRRE, JUAN FERREL, JOSEPH VALENZUELA, THE CITY OF EL PASO EL PASO, TEXAS AND THE EL PASO POLICE DEPARTMENT**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's First Amended Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 19th day of July, 2019.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901



Attest:    NORMA FAVELA BARCELEAU    District Clerk
El Paso County, Texas

By _____, Deputy
Mercedes Olivas

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

**RETURN**

Came on hand on _____ day of _____, 20____, at _____ o'clock ____M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's First Amended Original Petition**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|-----|------|------|-----|-----|---|
| | MONTH | DAY | YEAR | Hour | Min. | .M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ copy ____ $ _____   _____ Sheriff

_____   _____ County, Texas

Total _____ $ _____   by _____, Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _____, on the _____ day of _____

20____, at _____o'clock ____m. this copy of this instrument.

_____, Sheriff/Agent

_____County, Texas

By _____, Deputy/Agent

SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.

(SEAL)

_____

NOTARY PUBLIC, STATE OF TEXAS

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **THE CITY OF EL PASO, TEXAS,** who may be served with process **through its agent of service, MAYOR DEE MARGO at 300 N. CAMPBELL, EL PASO, TEXAS 79901** or wherever he/she may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's First Amended Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 6,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 1st day of July, 2019, by Attorney at Law, JAMES D. LUCAS, 303 TEXAS AVENUE, SUITE 806, EL PASO, TEXAS 79901 in this case numbered **2019DCV2480** on the docket of said court, and styled:

**FERNANDO MORALES, INDIVIDUALLY, AND ON BEHALF OF HIS MINOR CHILDREN, F.M.. AND D.M., AND ZERENIA CARDOZA, IN HER INDIVIDUALY CAPACITY**
**VS.**
**ENRIQUE CARRILLO, AARON CARRILLO, JULIO GUERECA, PETE HERRERA, GABRIEL LECHUGA, RUBEN. CARDENAS, MIGUEL CARZOLI, ALBERTO AGUIRRE, JUAN FERREL, JOSEPH VALENZUELA, THE CITY OF EL PASO EL PASO, TEXAS AND THE EL PASO POLICE DEPARTMENT**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's First Amended Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 19th day of July, 2019.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest: ___NORMA FAVELA BARCELEAU___ District Clerk
El Paso County, Texas

By _____, Deputy
Mercedes Olivas

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

**RETURN**

Came on hand on _____ day of _____, 20_____, at _____ o'clock ____M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's First Amended Original Petition**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|------|------|------|------|------|------|
| | MONTH | DAY | YEAR | Hour | Min. | .M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING _____ copy _____ $ _____  _____ Sheriff

_____  _____ County, Texas

Total _____ $ _____  by _____, Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____, on the _____ day of _____

20_____, at _____o'clock ____m. this copy of this instrument.

_____, Sheriff/Agent

_____County, Texas

By _____, Deputy/Agent

SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20_____.

(SEAL)

_____

NOTARY PUBLIC, STATE OF TEXAS

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **JOSEPH VALENZUELA,** who may be served with process at **911 NORTH RAYNOR, EL PASO, TEXAS 79902** or wherever he/she may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's First Amended Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 6,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 1st day of July, 2019, by Attorney at Law, JAMES D. LUCAS, 303 TEXAS AVENUE, SUITE 806, EL PASO, TEXAS 79901 in this case numbered **2019DCV2480** on the docket of said court, and styled:

**FERNANDO MORALES, INDIVIDUALLY, AND ON BEHALF OF HIS MINOR CHILDREN, F.M.. AND D.M., AND ZERENIA CARDOZA, IN HER INDIVIDUALY CAPACITY**
**VS.**
**ENRIQUE CARRILLO, AARON CARRILLO, JULIO GUERECA, PETE HERRERA, GABRIEL LECHUGA, RUBEN. CARDENAS, MIGUEL CARZOLI, ALBERTO AGUIRRE, JUAN FERREL, JOSEPH VALENZUELA, THE CITY OF EL PASO EL PASO, TEXAS AND THE EL PASO POLICE DEPARTMENT**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's First Amended Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 19th day of July, 2019.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest: _____NORMA FAVELA BARCELEAU_____ District Clerk
El Paso County, Texas

By _____, Deputy
Mercedes Olivas

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

**RETURN**

Came on hand on _____ day of _____, 20____, at _____ o'clock ___M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's First Amended Original Petition**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|---|---|------|---|---|------|
| | MONTH | DAY | YEAR | Hour | Min. | .M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ copy _____ $ _____   _____ Sheriff

_____   _____ County, Texas

Total _____ $ _____   by _____, Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _____, on the _____ day of _____

20_____, at _____o'clock ___m. this copy of this instrument.

_____, Sheriff/Agent

_____County, Texas

By _____, Deputy/Agent

SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.

(SEAL)

_____

NOTARY PUBLIC, STATE OF TEXAS

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **JUAN FERREL**, who may be served with process at **911 NORTH RAYNOR, EL PASO, TEXAS 79902** or wherever he/she may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's First Amended Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 6**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on the this the 1st day of July, 2019, by Attorney at Law, JAMES D. LUCAS, 303 TEXAS AVENUE, SUITE 806, EL PASO, TEXAS 79901 in this case numbered **2019DCV2480** on the docket of said court, and styled:

**FERNANDO MORALES, INDIVIDUALLY, AND ON BEHALF OF HIS MINOR CHILDREN, F.M.. AND D.M., AND ZERENIA CARDOZA, IN HER INDIVIDUALLY CAPACITY**
**VS.**
**ENRIQUE CARRILLO, AARON CARRILLO, JULIO GUERECA, PETE HERRERA, GABRIEL LECHUGA, RUBEN. CARDENAS, MIGUEL CARZOLI, ALBERTO AGUIRRE, JUAN FERREL, JOSEPH VALENZUELA, THE CITY OF EL PASO EL PASO, TEXAS AND THE EL PASO POLICE DEPARTMENT**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's First Amended Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 19th day of July, 2019.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:   NORMA FAVELA BARCELEAU   District Clerk
El Paso County, Texas

By _____, Deputy
Mercedes Olivas

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

**RETURN**

Came on hand on _____ day of _____, 20____, at _____ o'clock ___M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's First Amended Original Petition**, at the following times and places, to-wit:

| NAME | DATE | | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|------|------|------|------|------|------|--------------------------------------------------|
|      | MONTH | DAY | YEAR | Hour | Min. | ___.M. | | |
|      |      |      |      |      |      |      | | |
|      |      |      |      |      |      |      | | |
|      |      |      |      |      |      |      | | |
|      |      |      |      |      |      |      | | |
|      |      |      |      |      |      |      | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ copy _____ $ _____   _____ Sheriff

_____   _____ County, Texas

Total _____ $ _____   by _____, Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _____, on the _____ day of _____ 20_____, at _____ o'clock ___m. this copy of this instrument.

_____, Sheriff/Agent

_____ County, Texas

By _____, Deputy/Agent

SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.

(SEAL)

_____

NOTARY PUBLIC, STATE OF TEXAS

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **ALBERTO AGUIRRE,** who may be served with process at **911 NORTH RAYNOR, EL PASO, TEXAS 79902** or wherever he/she may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's First Amended Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 6,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 1st day of July, 2019, by Attorney at Law, JAMES D. LUCAS, 303 TEXAS AVENUE, SUITE 806, EL PASO, TEXAS 79901 in this case numbered **2019DCV2480** on the docket of said court, and styled:

**FERNANDO MORALES, INDIVIDUALLY, AND ON BEHALF OF HIS MINOR CHILDREN, F.M.. AND D.M., AND ZERENIA CARDOZA, IN HER INDIVIDUALLY CAPACITY**
**VS.**
**ENRIQUE CARRILLO, AARON CARRILLO, JULIO GUERECA, PETE HERRERA, GABRIEL LECHUGA, RUBEN. CARDENAS, MIGUEL CARZOLI, ALBERTO AGUIRRE, JUAN FERREL, JOSEPH VALENZUELA, THE CITY OF EL PASO EL PASO, TEXAS AND THE EL PASO POLICE DEPARTMENT**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's First Amended Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 19th day of July, 2019.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:   NORMA FAVELA BARCELEAU   District Clerk
El Paso County, Texas

By _____, Deputy
Mercedes Olivas

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

**RETURN**

Came on hand on _____ day of _____, 20____, at _____ o'clock ____M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's First Amended Original Petition**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|----|----|------|----|----|------|
| | MONTH | DAY | YEAR | Hour | Min. | ____.M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ copy _____ $ _____    _____ Sheriff

_____    _____ County, Texas

Total _____ $ _____    by _____, Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _____, on the _____ day of _____

20_____, at _____o'clock ____m. this copy of this instrument.

_____, Sheriff/Agent

_____County, Texas

By _____, Deputy/Agent

SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.

(SEAL)

_____

NOTARY PUBLIC, STATE OF TEXAS

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **MIGUEL CARZOLI**, who may be served with process at **911 NORTH RAYNOR, EL PASO, TEXAS 79902** or wherever he/she may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's First Amended Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 6,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 1st day of July, 2019, by Attorney at Law, JAMES D. LUCAS, 303 TEXAS AVENUE, SUITE 806, EL PASO, TEXAS 79901 in this case numbered **2019DCV2480** on the docket of said court, and styled:

**FERNANDO MORALES, INDIVIDUALLY, AND ON BEHALF OF HIS MINOR CHILDREN, F.M.. AND D.M., AND ZERENIA CARDOZA, IN HER INDIVIDUALY CAPACITY**
**VS.**
**ENRIQUE CARRILLO, AARON CARRILLO, JULIO GUERECA, PETE HERRERA, GABRIEL LECHUGA, RUBEN. CARDENAS, MIGUEL CARZOLI, ALBERTO AGUIRRE, JUAN FERREL, JOSEPH VALENZUELA, THE CITY OF EL PASO EL PASO, TEXAS AND THE EL PASO POLICE DEPARTMENT**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's First Amended Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 19th day of July, 2019.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest: ___NORMA FAVELA BARCELEAU___ District Clerk
El Paso County, Texas

By _____, Deputy
Mercedes Olivas

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

**RETURN**

Came on hand on _____ day of _____, 20_____, at _____ o'clock ____M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's First Amended Original Petition**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|------|------|------|------|------|------|
| | MONTH | DAY | YEAR | Hour | Min. | ____.M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING _____ copy _____ $ _____  _____ Sheriff

_____  _____ County, Texas

Total _____ $ _____  by _____, Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____, on the _____ day of _____

20_____, at _____o'clock ___m. this copy of this instrument.

_____, Sheriff/Agent

_____County, Texas

By _____, Deputy/Agent

SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20_____.

(SEAL)

_____

NOTARY PUBLIC, STATE OF TEXAS

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **RUBEN CARDENAS,** who may be served with process at **911 NORTH RAYNOR, EL PASO, TEXAS 79902** or wherever he/she may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's First Amended Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 6,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 1st day of July, 2019, by Attorney at Law, JAMES D. LUCAS, 303 TEXAS AVENUE, SUITE 806, EL PASO, TEXAS 79901 in this case numbered **2019DCV2480** on the docket of said court, and styled:

**FERNANDO MORALES, INDIVIDUALLY, AND ON BEHALF OF HIS MINOR CHILDREN, F.M.. AND D.M., AND ZERENIA CARDOZA, IN HER INDIVIDUALY CAPACITY**
**VS.**
**ENRIQUE CARRILLO, AARON CARRILLO, JULIO GUERECA, PETE HERRERA, GABRIEL LECHUGA, RUBEN. CARDENAS, MIGUEL CARZOLI, ALBERTO AGUIRRE, JUAN FERREL, JOSEPH VALENZUELA, THE CITY OF EL PASO EL PASO, TEXAS AND THE EL PASO POLICE DEPARTMENT**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's First Amended Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 19th day of July, 2019.

**CLERK OF THE COURT**

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901



Attest:    NORMA FAVELA BARCELEAU    District Clerk
El Paso County, Texas

By _____, Deputy
Mercedes Olivas

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

**RETURN**

Came on hand on _____ day of _____, 20____, at _____ o'clock ____M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's First Amended Original Petition**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|---|---|------|---|---|------|
| | MONTH | DAY | YEAR | Hour | Min. | .M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING _____ copy _____ $ _____ _____ Sheriff

_____ _____ County, Texas

Total _____ $ _____ by _____, Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _____, on the _____ day of _____

20_____, at _____o'clock ____m. this copy of this instrument.

_____, Sheriff/Agent

_____County, Texas

By _____, Deputy/Agent

SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.

(SEAL)

_____

NOTARY PUBLIC, STATE OF TEXAS



# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **GABRIEL LECHUGA,** who may be served with process at **911 NORTH RAYNOR, EL PASO, TEXAS 79902** or wherever he/she may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's First Amended Original**

**Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of

this citation before the Honorable **County Court at Law Number 6,** El Paso County, Texas, at the Court House of said

County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 1st day of July, 2019, by Attorney at Law, JAMES D.

LUCAS, 303 TEXAS AVENUE, SUITE 806, EL PASO, TEXAS 79901 in this case numbered **2019DCV2480** on the docket

of said court, and styled:

**FERNANDO MORALES, INDIVIDUALLY, AND ON BEHALF OF HIS MINOR CHILDREN, F.M.. AND D.M., AND ZERENIA CARDOZA, IN HER INDIVIDUALY CAPACITY**
**VS.**
**ENRIQUE CARRILLO, AARON CARRILLO, JULIO GUERECA, PETE HERRERA, GABRIEL LECHUGA, RUBEN. CARDENAS, MIGUEL CARZOLI, ALBERTO AGUIRRE, JUAN FERREL, JOSEPH VALENZUELA, THE CITY OF EL PASO EL PASO, TEXAS AND THE EL PASO POLICE DEPARTMENT**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's First Amended Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 19th day of July, 2019.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:   NORMA FAVELA BARCELEAU   District Clerk
El Paso County, Texas

By _____, Deputy
Mercedes Olivas

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

**RETURN**

Came on hand on _____ day of _____, 20____, at _____ o'clock ___M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's First Amended Original Petition**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|------|------|------|------|------|------|
| | MONTH | DAY | YEAR | Hour | Min. | .M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ copy _____ $ _____   _____ Sheriff

_____   _____ County, Texas

Total _____ $ _____   by _____, Deputy

### CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____, on the _____ day of _____

20_____, at _____o'clock ___m. this copy of this instrument.

_____, Sheriff/Agent

_____County, Texas

By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.**

**(SEAL)**

_____

**NOTARY PUBLIC, STATE OF TEXAS**



# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **PETE HERRERA,** who may be served with process at **911 NORTH RAYNOR, EL PASO, TEXAS 79902** or wherever he/she may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's First Amended Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 6,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 1st day of July, 2019, by Attorney at Law, JAMES D. LUCAS, 303 TEXAS AVENUE, SUITE 806, EL PASO, TEXAS 79901 in this case numbered **2019DCV2480** on the docket of said court, and styled:

**FERNANDO MORALES, INDIVIDUALLY, AND ON BEHALF OF HIS MINOR CHILDREN, F.M.. AND D.M., AND ZERENIA CARDOZA, IN HER INDIVIDUALY CAPACITY**
**VS.**
**ENRIQUE CARRILLO, AARON CARRILLO, JULIO GUERECA, PETE HERRERA, GABRIEL LECHUGA, RUBEN. CARDENAS, MIGUEL CARZOLI, ALBERTO AGUIRRE, JUAN FERREL, JOSEPH VALENZUELA, THE CITY OF EL PASO EL PASO, TEXAS AND THE EL PASO POLICE DEPARTMENT**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's First Amended Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 18th day of July, 2019.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:    NORMA FAVELA BARCELEAU    District Clerk
El Paso County, Texas

By _____ , Deputy
Mercedes Olivas

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

**RETURN**

Came on hand on _____ day of _____, 20____, at _____ o'clock ___.M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's First Amended Original Petition**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|------|------|------|------|------|------|
| | MONTH | DAY | YEAR | Hour | Min. | .M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ copy _____ $ _____    _____ Sheriff

_____ County, Texas

Total _____ $ _____    by _____, Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _____, on the _____ day of _____ 20_____, at _____ o'clock ___m. this copy of this instrument.

_____, Sheriff/Agent

_____County, Texas

By _____, Deputy/Agent

SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20_____.

(SEAL)

_____

NOTARY PUBLIC, STATE OF TEXAS



# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **ENRIQUE CARRILLO**, who may be served with process at **911 NORTH RAYNOR, EL PASO, TEXAS 79902** or wherever he/she may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's First Amended Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 6,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 1st day of July, 2019, by Attorney at Law, JAMES D. LUCAS, 303 TEXAS AVENUE, SUITE 806, EL PASO, TEXAS 79901 in this case numbered **2019DCV2480** on the docket of said court, and styled:

**FERNANDO MORALES, INDIVIDUALLY, AND ON BEHALF OF HIS MINOR CHILDREN, F.M.. AND D.M., AND ZERENIA CARDOZA, IN HER INDIVIDUALLY CAPACITY**
**VS.**
**ENRIQUE CARRILLO, AARON CARRILLO, JULIO GUERECA, PETE HERRERA, GABRIEL LECHUGA, RUBEN. CARDENAS, MIGUEL CARZOLI, ALBERTO AGUIRRE, JUAN FERREL, JOSEPH VALENZUELA, THE CITY OF EL PASO EL PASO, TEXAS AND THE EL PASO POLICE DEPARTMENT**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's First Amended Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 19th day of July, 2019.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:    NORMA FAVELA BARCELEAU    District Clerk
El Paso County, Texas

By _____, Deputy
Mercedes Olivas

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

**RETURN**

Came on hand on _____ day of _____, 20____, at _____ o'clock ____M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's First Amended Original Petition**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|---|---|---|---|---|---|---|---|
| | MONTH | DAY | YEAR | Hour | Min. | .M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ copy _____ $ _____ _____ Sheriff

_____ _____ County, Texas

Total _____ $ _____ by _____, Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _____, on the _____ day of _____

20_____, at _____o'clock ____m. this copy of this instrument.

_____, Sheriff/Agent

_____County, Texas

By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.**

**(SEAL)**

_____

**NOTARY PUBLIC, STATE OF TEXAS**



# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **AARON CARRILLO,** who may be served with process at **7348 BLACK RIDGE, EL PASO, TEXAS 79912** or wherever he/she may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's First Amended Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 6,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 1ˢᵗ day of July, 2019, by Attorney at Law, JAMES D. LUCAS, 303 TEXAS AVENUE, SUITE 806, EL PASO, TEXAS 79901 in this case numbered **2019DCV2480** on the docket of said court, and styled:

**FERNANDO MORALES, INDIVIDUALLY, AND ON BEHALF OF HIS MINOR CHILDREN, F.M.. AND D.M., AND ZERENIA CARDOZA, IN HER INDIVIDUALY CAPACITY**
**VS.**
**ENRIQUE CARRILLO, AARON CARRILLO, JULIO GUERECA, PETE HERRERA, GABRIEL LECHUGA, RUBEN. CARDENAS, MIGUEL CARZOLI, ALBERTO AGUIRRE, JUAN FERREL, JOSEPH VALENZUELA, THE CITY OF EL PASO EL PASO, TEXAS AND THE EL PASO POLICE DEPARTMENT**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's First Amended Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 19ᵗʰ day of July, 2019.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901



Attest:    NORMA FAVELA BARCELEAU    District Clerk
El Paso County, Texas

By _____, Deputy
Mercedes Olivas

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

**RETURN**

Came on hand on _____ day of _____, 20____, at _____ o'clock ____M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's First Amended Original Petition**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|------|------|------|------|------|------|
| | MONTH | DAY | YEAR | Hour | Min. | .M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING _____ copy _____ $ _____    _____ Sheriff

_____ County, Texas

Total _____ $ _____    by _____, Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _____, on the _____ day of _____

20_____, at _____ o'clock ____m. this copy of this instrument.

_____, Sheriff/Agent

_____County, Texas

By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.**

**(SEAL)**

_____

**NOTARY PUBLIC, STATE OF TEXAS**



El Paso County - County Court at Law 6

Filed 7/30/2019 11:19 AM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV2480

## RETURN

Came on hand on ___22___ day of ___July___, 20_19_, at _11:15_ o'clock _A_ M., and executed in ___El Paso___ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's First Amended Original Petition**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance |
| | MONTH | DAY | YEAR | Hour | Min. | M. | From Court House |
|---|---|---|---|---|---|---|---|
| Enrique Carrillo | 07 | 22 | 2019 | 12:15 | | pm | El Paso Police Department |
| | | | | | | | 911 North Rayner |
| | | | | | | | El Paso, Tx 79902 |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ copy _____ $ _____ _____ Sheriff

_____ _____ County, Texas

Total _____ $ _____ by _____, Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _Enrique Carrillo_, on the _22_ day of _July_ 20_19_, at _12:15_ o'clock _p_ m. this copy of this instrument.

Patricia Patino 10544 PSC exp 10-31-19 Sheriff/Agent

El Paso County, Texas

By Patricia Patino, Deputy/Agent

SUBSCRIBED AND SWORN TO BEFORE ME ON THE _29th_ DAY OF _July_, 20_19_.

(SEAL)

*Maria Dolores Lucas*

**NOTARY PUBLIC, STATE OF TEXAS**

MARIA DOLORES LUCAS
Notary ID # 10753687
My Commission Expires
January 31, 2021

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **ENRIQUE CARRILLO,** who may be served with process at **911 NORTH RAYNOR, EL PASO, TEXAS 79902** or wherever he/she may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's First Amended Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 6,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 1st day of July, 2019, by Attorney at Law, JAMES D. LUCAS, 303 TEXAS AVENUE, SUITE 806, EL PASO, TEXAS 79901 in this case numbered **2019DCV2480** on the docket of said court, and styled:

**FERNANDO MORALES, INDIVIDUALLY, AND ON BEHALF OF HIS MINOR CHILDREN, F.M.. AND D.M., AND ZERENIA CARDOZA, IN HER INDIVIDUALY CAPACITY**
**VS.**
**ENRIQUE CARRILLO, AARON CARRILLO, JULIO GUERECA, PETE HERRERA, GABRIEL LECHUGA, RUBEN. CARDENAS, MIGUEL CARZOLI, ALBERTO AGUIRRE, JUAN FERREL, JOSEPH VALENZUELA, THE CITY OF EL PASO EL PASO, TEXAS AND THE EL PASO POLICE DEPARTMENT**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's First Amended Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 19th day of July, 2019.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901



Attest: ___NORMA FAVELA BARCELEAU___ District Clerk
El Paso, County, Texas

By _____ , Deputy
Mercedes Olivas

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

El Paso County - County Court at Law 6

Filed 7/30/2019 11:23 AM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV2480

## RETURN

Came on hand on _22_ day of _July_____, 20_19_, at _11:15_ o'clock _A_ M., and executed in _____El Paso_____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's First Amended Original Petition**, at the following times and places, to-wit:

| NAME | MONTH | DATE DAY | YEAR | TIME Hour Min. .M. | Place, and Course and Distance From Court House |
|---|---|---|---|---|---|
| Chief Gregg Allen | 07 | 23 | 2019 | 2:18 pm | El Paso Police Department 911 North Raijor El Paso, TX 79902 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ copy _____ $ _____ _____ Sheriff

_____  _____ County, Texas

Total _____ $ _____ by _____, Deputy

### CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _Chief Gregg Allen_____, on the _23_ day of _July____ 20_19_, at _2:18_ o'clock _P_ m. this copy of this instrument.

_Patricia Patino_ PSC 10544 10-31-19 _exp_, Sheriff/Agent

_El Paso_____ County, Texas

By _Patricia Patino_____, Deputy/Agent

SUBSCRIBED AND SWORN TO BEFORE ME ON THE _29th_ DAY OF _July_____, 20_19_.

(SEAL)

_Maria Dolores Lucas_

**NOTARY PUBLIC, STATE OF TEXAS**

MARIA DOLORES LUCAS
Notary ID # 10753687
My Commission Expires
January 31, 2021

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **EL PASO POLICE DEPARTMENT,** who may be served with process **by serving POLICE CHIEF GREGG ALLEN at 911 NORTH RAYNOR, EL PASO, TEXAS 79902** or wherever he/she may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's First Amended Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 6**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on the this the 1st day of July, 2019, by Attorney at Law, JAMES D. LUCAS, 303 TEXAS AVENUE, SUITE 806, EL PASO, TEXAS 79901 in this case numbered **2019DCV2480** on the docket of said court, and styled:

**FERNANDO MORALES, INDIVIDUALLY, AND ON BEHALF OF HIS MINOR CHILDREN, F.M.. AND D.M., AND ZERENIA CARDOZA, IN HER INDIVIDUALY CAPACITY**
**VS.**
**ENRIQUE CARRILLO, AARON CARRILLO, JULIO GUERECA, PETE HERRERA, GABRIEL LECHUGA, RUBEN. CARDENAS, MIGUEL CARZOLI, ALBERTO AGUIRRE, JUAN FERREL, JOSEPH VALENZUELA, THE CITY OF EL PASO EL PASO, TEXAS AND THE EL PASO POLICE DEPARTMENT**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's First Amended Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 19th day of July, 2019.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901



Attest:    NORMA FAVELA BARCELEAU    District Clerk
El Paso County, Texas

By _____, Deputy
Mercedes Olivas

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

El Paso County - County Court at Law 6

Filed 7/30/2019 11:27 AM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV2480

**RETURN**

Came on hand on _22_ day of _July_, 20 _19_, at _11:15_ o'clock _A_ M., and executed in _El Paso_ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's First Amended Original Petition**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|------|------|------|------|------|------|
| | MONTH | DAY | YEAR | Hour | Min. | .M. | |
| Gabriel Lechuga | 07 | 23 | 20 9 | 2:42 pm | | | Westside Regional Commands Center 4600 Osborne Dr. El Paso, TX 79922 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ copy ____ $ _____   _____ Sheriff

_____   _____ County, Texas

Total _____ $ _____ by _____, Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _Gabriel Lechuga_, on the _23_ day of _July_ 20 _19_, at _2:42_ o'clock _P_ m. this copy of this instrument.

_Patricia Patino_ PSC 10544 10-31-19, Sheriff/Agent

_El Paso_ County, Texas

By _Patricia Patino_, Deputy/Agent

SUBSCRIBED AND SWORN TO BEFORE ME ON THE _29th_ DAY OF _July_, 20 _19_.

**(SEAL)**

_Maria Dolores Lucas_

**NOTARY PUBLIC, STATE OF TEXAS**

MARIA DOLORES LUCAS
Notary ID # 10753687
My Commission Expires
January 31, 2021

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **GABRIEL LECHUGA,** who may be served with process at **911 NORTH RAYNOR, EL PASO, TEXAS 79902** or wherever he/she may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's First Amended Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 6,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on the this 1st day of July, 2019, by Attorney at Law, JAMES D. LUCAS, 303 TEXAS AVENUE, SUITE 806, EL PASO, TEXAS 79901 in this case numbered **2019DCV2480** on the docket of said court, and styled:

**FERNANDO MORALES, INDIVIDUALLY, AND ON BEHALF OF HIS MINOR CHILDREN, F.M.. AND D.M., AND ZERENIA CARDOZA, IN HER INDIVIDUALY CAPACITY**
**VS.**
**ENRIQUE CARRILLO, AARON CARRILLO, JULIO GUERECA, PETE HERRERA, GABRIEL LECHUGA, RUBEN. CARDENAS, MIGUEL CARZOLI, ALBERTO AGUIRRE, JUAN FERREL, JOSEPH VALENZUELA, THE CITY OF EL PASO EL PASO, TEXAS AND THE EL PASO POLICE DEPARTMENT**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's First Amended Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 19th day of July, 2019.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:    NORMA FAVELA BARCELEAU    District Clerk
El Paso County, Texas

By _____, Deputy
Mercedes Olivas

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

El Paso County - County Court at Law 6

**RETURN**

Filed 7/30/2019 11:00 AM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV2480

Came on hand on ___22___ day of ___July___, 20_19_, at _11:15_ o'clock _A_M., and executed in ___El Paso___ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's First Amended Original Petition**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance |
| | MONTH | DAY | YEAR | Hour | Min. | .M. | From Court House |
|---|---|---|---|---|---|---|---|
| Joseph Valenzuela | 07 | 29 | 2019 | 2:13 | | pm | El Paso Police Department 911 Raynor Street El Paso, TX 79903 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being ___ _____

And the cause of failure to execute this process is: ___ _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ copy _____ $ _____  _____ Sheriff

_____ _____ County, Texas

Total _____ $ _____ by _____, Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to ___Joseph Valenzuela___, on the _29_ day of ___July___

20_19_, at _2:13_ o'clock _p_ m. this copy of this instrument.

___Patricia Patino___ PSC 10544 EXP. 10-31-19 Sheriff/Agent

El Paso County, Texas

By ___Patricia Patino___, Deputy/Agent

SUBSCRIBED AND SWORN TO BEFORE ME ON THE _30_ DAY OF ___July___, 20_19_.

**(SEAL)**

VICTORIA HANNA
Notary Public, State of Texas
Comm. Expires 05-09-2020
Notary ID 126513664

___Victoria Hanna___

**NOTARY PUBLIC, STATE OF TEXAS**

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **JOSEPH VALENZUELA,** who may be served with process at **911 NORTH RAYNOR, EL PASO, TEXAS 79902** or wherever he/she may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's First Amended Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 6,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 1ˢᵗ day of July, 2019, by Attorney at Law, JAMES D. LUCAS, 303 TEXAS AVENUE, SUITE 806, EL PASO, TEXAS 79901 in this case numbered **2019DCV2480** on the docket of said court, and styled:

**FERNANDO MORALES, INDIVIDUALLY, AND ON BEHALF OF HIS MINOR CHILDREN, F.M.. AND D.M., AND ZERENIA CARDOZA, IN HER INDIVIDUALY CAPACITY**
**VS.**
**ENRIQUE CARRILLO, AARON CARRILLO, JULIO GUERECA, PETE HERRERA, GABRIEL LECHUGA, RUBEN. CARDENAS, MIGUEL CARZOLI, ALBERTO AGUIRRE, JUAN FERREL, JOSEPH VALENZUELA, THE CITY OF EL PASO EL PASO, TEXAS AND THE EL PASO POLICE DEPARTMENT**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's First Amended Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 19ᵗʰ day of July, 2019.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest: ___NORMA FAVELA BARCELEAU___ District Clerk
El Paso County, Texas

By _____, Deputy
Mercedes Olivas

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

El Paso County - County Court at Law 6

Filed 7/30/2019 11:05 AM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV2480

## RETURN

Came on hand on ___22___ day of ___July___, 20_19_, at __1:15__ o'clock _A_ M., and executed in _____El Paso_____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's First Amended Original Petition**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|-----|------|------|-----|-----|---------------------|
|      | MONTH | DAY | YEAR | Hour | Min. | .M. | |
| Mayor DEE Margo | 07 | 24 | 2019 | 2:20 | pm | | The City of El Paso Texas 300 N. Campbell El Paso, TX 79901 |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ copy ____ $ _____ _____ Sheriff

_____ _____ County, Texas

Total _____ $ _____ by _____, Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _Mayor Dee Margo_, on the _24_ day of _July_ 20_19_, at _2:20_ o'clock _P_ m. this copy of this instrument.

_Patricia Patino_ PSC exp. 10544 10-31-19 Sheriff/Agent

_El Paso_ County, Texas

By _Patricia Patino_, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE** _29th_ **DAY OF** _July_, 20_19_.

(SEAL)

_Maria Dolores Lucas_

**NOTARY PUBLIC, STATE OF TEXAS**

MARIA DOLORES LUCAS
Notary ID # 10753687
My Commission Expires
January 31, 2021

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **THE CITY OF EL PASO, TEXAS**, who may be served with process **through its agent of service, MAYOR DEE MARGO at 300 N. CAMPBELL, EL PASO, TEXAS 79901** or wherever he/she may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's First Amended Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 6,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 1st day of July, 2019, by Attorney at Law, JAMES D. LUCAS, 303 TEXAS AVENUE, SUITE 806, EL PASO, TEXAS 79901 in this case numbered **2019DCV2480** on the docket of said court, and styled:

**FERNANDO MORALES, INDIVIDUALLY, AND ON BEHALF OF HIS MINOR CHILDREN, F.M.. AND D.M., AND ZERENIA CARDOZA, IN HER INDIVIDUALY CAPACITY**
**VS.**
**ENRIQUE CARRILLO, AARON CARRILLO, JULIO GUERECA, PETE HERRERA, GABRIEL LECHUGA, RUBEN. CARDENAS, MIGUEL CARZOLI, ALBERTO AGUIRRE, JUAN FERREL, JOSEPH VALENZUELA, THE CITY OF EL PASO EL PASO, TEXAS AND THE EL PASO POLICE DEPARTMENT**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's First Amended Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 19th day of July, 2019.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:  NORMA FAVELA BARCELEAU  District Clerk
El Paso County, Texas

By _____, Deputy
Mercedes Olivas

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

El Paso County - County Court at Law 6

Filed 7/30/2019 11:13 AM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV2480

**RETURN**

Came on hand on _22_ day of _July_____, 20_19_, at _11:15_ o'clock _A_M., and executed in ____El Paso_____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's First Amended Original Petition**, at the following times and places, to-wit:

| NAME | MONTH | DATE DAY | YEAR | Hour | TIME Min. | .M. | Place, and Course and Distance From Court House |
|------|-------|-----|------|------|-----|-----|-----|
| AARon Carrillo | 07- | 25- | 2119 | 8:23 | | pm | 7348 Black Ridge El Paso, TX 79912 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

    FEES—SERVING ____ copy _____ $ _____                                      _____ Sheriff

    _____    _____ County, Texas

       Total _____ $ _____ by _____, Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _AARon Carrillo_____, on the _25_ day of _July_____ 20_19_, at _8:23_ o'clock _P_ m. this copy of this instrument.

                            PSC  exP
                      _Patricia Patino 10544 10-31-19_ Sheriff/Agent
                         _El Paso_____ County, Texas
           By _Patricia Patino_____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE** _29th_ **DAY OF** _July_____, 20_19_.

    **(SEAL)**



                    _Maria Dolores Lucas_
                **NOTARY PUBLIC, STATE OF TEXAS**

MARIA DOLORES LUCAS
Notary ID # 10753687
My Commission Expires
January 31, 2021

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **AARON CARRILLO**, who may be served with process at **7348 BLACK RIDGE, EL PASO, TEXAS 79912** or wherever he/she may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's First Amended Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 6**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on the this the 1st day of July, 2019, by Attorney at Law, JAMES D. LUCAS, 303 TEXAS AVENUE, SUITE 806, EL PASO, TEXAS 79901 in this case numbered **2019DCV2480** on the docket of said court, and styled:

**FERNANDO MORALES, INDIVIDUALLY, AND ON BEHALF OF HIS MINOR CHILDREN, F.M.. AND D.M., AND ZERENIA CARDOZA, IN HER INDIVIDUALY CAPACITY**
**VS.**
**ENRIQUE CARRILLO, AARON CARRILLO, JULIO GUERECA, PETE HERRERA, GABRIEL LECHUGA, RUBEN. CARDENAS, MIGUEL CARZOLI, ALBERTO AGUIRRE, JUAN FERREL, JOSEPH VALENZUELA, THE CITY OF EL PASO EL PASO, TEXAS AND THE EL PASO POLICE DEPARTMENT**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's First Amended Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 19th day of July, 2019.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:    NORMA FAVELA BARCELEAU    District Clerk
El Paso County, Texas

By _____ , Deputy
Mercedes Olivas

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

El Paso County - County Court at Law 6

Filed 7/30/2019 11:09 AM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV2480

**RETURN**

Came on hand on ___22___ day of ___July___, 20_19_, at _11:15_ o'clock _A_ M., and executed in ___El Paso___ County, **Texas**, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's First Amended Original Petition**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance |
| | MONTH | DAY | YEAR | Hour | Min. | M. | From Court House |
|---|---|---|---|---|---|---|---|
| Ruben Cardenas | 07 | 22 | 2019 | 3:08 | | pm | Westside Regional Commands Center 4841 Osborne Dr El Paso, Tx 79922 |

And not executed as to the defendant, _____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

    FEES—SERVING ____ copy ____ $ ____ _____ Sheriff

_____ _____ County, Texas

    Total _____ $ ____ by _____, Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _Ruben Cardenas_, on the _22_ day of _July_ 20_19_, at _3:08_ o'clock _p_ m. this copy of this instrument.

_Patricia Patino_ psc exp
10544 10/31/19 Sheriff/Agent

_El Paso_ County, Texas

By _Patricia Patino_, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE** _29th_ **DAY OF** _July_, 20_19_.

**(SEAL)**

MARIA DOLORES LUCAS
Notary ID # 1075368?
My Commission Expires
January 31, 2021

_Maria Dolores Lucas_

**NOTARY PUBLIC, STATE OF TEXAS**



# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **RUBEN CARDENAS,** who may be served with process at **911 NORTH RAYNOR, EL PASO, TEXAS 79902** or wherever he/she may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's First Amended Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 6,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on the this the 1st day of July, 2019, by Attorney at Law, JAMES D. LUCAS, 303 TEXAS AVENUE, SUITE 806, EL PASO, TEXAS 79901 in this case numbered **2019DCV2480** on the docket of said court, and styled:

**FERNANDO MORALES, INDIVIDUALLY, AND ON BEHALF OF HIS MINOR CHILDREN, F.M.. AND D.M., AND ZERENIA CARDOZA, IN HER INDIVIDUALY CAPACITY**
**VS.**
**ENRIQUE CARRILLO, AARON CARRILLO, JULIO GUERECA, PETE HERRERA, GABRIEL LECHUGA, RUBEN. CARDENAS, MIGUEL CARZOLI, ALBERTO AGUIRRE, JUAN FERREL, JOSEPH VALENZUELA, THE CITY OF EL PASO EL PASO, TEXAS AND THE EL PASO POLICE DEPARTMENT**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's First Amended Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 19th day of July, 2019.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:    NORMA FAVELA BARCELEAU    District Clerk
El Paso County, Texas

By _____, Deputy
Mercedes Olivas

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

El Paso County - County Court at Law 6

Filed 7/30/2019 11:16 AM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV2480

**RETURN**

Came on hand on __22__ day of __July__, 20 _19_, at 3:09 11:15 o'clock ☐ .M., and executed in __El Paso__ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's First Amended Original Petition**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|------|------|------|------|------|-----|
| | MONTH | DAY | YEAR | Hour | Min. | ___.M. | |
| Alberto Aguirre | 07 | 22 | 2019 | 3:09 | | pm | Westside Regional Commads Center 4801 Osborne Dr. El Paso, TX 79922 |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ copy _____ $ _____  _____ Sheriff

_____  _____ County, Texas

Total _____ $ _____ by _____, Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _Alberto Aguirre_, on the _22_ day of _July_ 20 _19_, at _3:09_ o'clock _P_ m. this copy of this instrument.

_Patricia Patino_ psc 10.544 exp 10/31/19, Sheriff/Agent

_El Paso_ County, Texas

By _Patricia Patino_, Deputy/Agent

SUBSCRIBED AND SWORN TO BEFORE ME ON THE _29th_ DAY OF _July_, 20 _19_.

**(SEAL)**

_Maria Dolores Lucas_

**NOTARY PUBLIC, STATE OF TEXAS**



MARIA DOLORES LUCAS
Notary ID # 10753687
My Commission Expires
January 31, 2021

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **ALBERTO AGUIRRE,** who may be served with process at **911 NORTH RAYNOR, EL PASO, TEXAS 79902** or wherever he/she may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's First Amended Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 6,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on the this the 1st day of July, 2019, by Attorney at Law, JAMES D. LUCAS, 303 TEXAS AVENUE, SUITE 806, EL PASO, TEXAS 79901 in this case numbered **2019DCV2480** on the docket of said court, and styled:

**FERNANDO MORALES, INDIVIDUALLY, AND ON BEHALF OF HIS MINOR CHILDREN, F.M.. AND D.M., AND ZERENIA CARDOZA, IN HER INDIVIDUALY CAPACITY**
**VS.**
**ENRIQUE CARRILLO, AARON CARRILLO, JULIO GUERECA, PETE HERRERA, GABRIEL LECHUGA, RUBEN. CARDENAS, MIGUEL CARZOLI, ALBERTO AGUIRRE, JUAN FERREL, JOSEPH VALENZUELA, THE CITY OF EL PASO EL PASO, TEXAS AND THE EL PASO POLICE DEPARTMENT**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's First Amended Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 19th day of July, 2019.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901



Attest:    NORMA FAVELA BARCELEAU    District Clerk
El Paso County, Texas

By _____, Deputy
Mercedes Olivas

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the

date of delivery endorsed thereon and with a copy of the petition attached thereto."

El Paso County - County Court at Law 6

Filed 8/5/2019 7:08 AM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV2480

**RETURN**

Came on hand on _22_ day of _July_, 20 _19_, at _11:15_ o'clock _A_ M., and executed in _El Paso_ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's First Amended Original Petition**, at the following times and places, to-wit:

| NAME | MONTH | DATE DAY | YEAR | Hour | TIME Min. | P.M. | Place, and Course and Distance From Court House |
|------|-------|----------|------|------|-----------|------|-------------------------------------------------|
| Pete Herrera | 07 | 31 | 2019 | 1:42 | | pm | Westside Regional Comands Center 4801 Osborne Dr. el Paso, TX 79922 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

       FEES—SERVING ____ copy _____ $ _____   _____ Sheriff

                     _____ _____ County, Texas

     Total _____ $ _____ by _____, Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _Pete Herrera_, on the _31_ day of _July_ 20 _19_, at _1:42_ o'clock _p_ m. this copy of this instrument.

                               _Patricia Patino PSC 10544 exp 10-31-19_ Sheriff/Agent

                             _El Paso_ County, Texas

             By _Patricia Patino_, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE** _2nd_ **DAY OF** _August_, 20 _19_.

     **(SEAL)**

VICTORIA HANNA
Notary Public, State of Texas
Comm. Expires 05-09-2020
Notary ID 126813664

_Victoria Hanna_

**NOTARY PUBLIC, STATE OF TEXAS**



# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **PETE HERRERA,** who may be served with process at **911 NORTH RAYNOR, EL PASO, TEXAS 79902** or wherever he/she may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's First Amended Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 6,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on the this the 1st day of July, 2019, by Attorney at Law, JAMES D. LUCAS, 303 TEXAS AVENUE, SUITE 806, EL PASO, TEXAS 79901 in this case numbered **2019DCV2480** on the docket of said court, and styled:

**FERNANDO MORALES, INDIVIDUALLY, AND ON BEHALF OF HIS MINOR CHILDREN, F.M.. AND D.M., AND ZERENIA CARDOZA, IN HER INDIVIDUALY CAPACITY**
**VS.**
**ENRIQUE CARRILLO, AARON CARRILLO, JULIO GUERECA, PETE HERRERA, GABRIEL LECHUGA, RUBEN. CARDENAS, MIGUEL CARZOLI, ALBERTO AGUIRRE, JUAN FERREL, JOSEPH VALENZUELA, THE CITY OF EL PASO EL PASO, TEXAS AND THE EL PASO POLICE DEPARTMENT**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's First Amended Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 19th day of July, 2019.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:    NORMA FAVELA BARCELEAU    District Clerk
El Paso County, Texas

By _____, Deputy
Mercedes Olivas

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."